ROBERT G. EVANS

*v.*

JULIA M. GERRY.

*Opinion filed October 24, 1898.*

1. SPECIFIC PERFORMANCE—*specific performance defined.* Specific performance is an equitable remedy which compels the performance of a contract in the precise terms agreed upon, or such a substantial performance as will do justice between the parties.

2. SAME—*specific performance not a mere matter of favor.* Although inflexible rules cannot be laid down for the government of courts of equity in decreeing specific performance, yet where all the necessary elements, conditions and incidents are present, relief by way of specific performance should be granted as a matter of right.

3. EVIDENCE—*parol evidence is admissible to identify premises described in deed.* On bill for specific performance of a contract to convey a certain lot in a certain block "in the city of," etc., parol evidence is admissible to show that the property, described in the tendered deed by the same lot and block numbers but as in a certain subdivision, was in fact the property contemplated, and that there was no block by the same number in the original plat of the city.

4. SAME—*evidence not admissible on question of sufficiency of title.* On bill for specific performance, where the defendant alleges defective title to plaintiff's property, it is a question for the trial court, upon a hearing, to determine from the contract, and as a question of law, whether such title is sufficient, and it is error to admit testimony of attorneys and examiners of title upon that question.

5. CONTRACTS—*provision for furnishing abstracts of title construed.* A provision in a contract that each party to a land trade should furnish a merchantable abstract of title within ten days from the date of the contract and a deed to the property within three days after the title was found to be good, does not require that the title be perfected within three days after delivery of the abstract, but allows a reasonable time to correct irregularities.

6. WAIVER—*abandonment or waiver must be shown by clear proof.* Courts will indulge no presumptions in favor of a waiver or abandonment of a contract sought to be specifically enforced, nor will they infer waiver or abandonment from slight proof.

7. FRAUD—*a mere expression of opinion as to value is not a misrepresentation.* The expression of an opinion by the owner of property as to its value is not, of itself, a fraudulent representation.

APPEAL from the Circuit Court of Lake county; the Hon. C. W. UPTON, Judge, presiding.

This was a bill in chancery filed by appellant for the specific performance of a contract providing for the mutual exchange of certain properties in the city of Highland Park, between appellant and appellee. The contract over which the controversy arises is as follows:

"Contract for conveyance made this first day of March, A. D. 1895, between Julia M. Gerry, party of the first part, and Robert G. Evans, party of the second part, both of the city of Highland Park, Lake county, Illinois:

"First party agrees to convey, by warranty deed, to second party, lots one (1) and two (2), except westerly thirty feet thereof, and lot three (3), all in block three (3), in the city of Highland Park, Lake county, Illinois, as per recorded plat made by the Highland Park Building Company, free from all liens and encumbrances whatsoever, except a mortgage on which a balance of $3500 remains unpaid, and will mature November, 1895. And in consideration of such conveyance second party agrees to convey, by warranty deed, to first party, free from encumbrances of every kind, lot nineteen (19) in block seventy-five (75), in the city of Highland Park, Lake county, Illinois, as per said recorded plat. Second party, as a further consideration, agrees to pay first party the sum of $1000 on the first day of May, 1895, and the further sum of $990 on the delivery of said deed, and the further sum of $10 on the signing hereof, the receipt of which latter sum this day is hereby acknowledged by first party. Each party to furnish the other a complete and merchantable abstract of title for said respective lots, brought down to date, same to be furnished within ten days of this date, and said deeds to be delivered within three days after said respective titles are found to be good.

"Witness our hands and seals the day and year first above written.

JULIA M. GERRY,  [Seal.]
R. G. EVANS.  [Seal.]"

The parties to this contract were residents of the city of Highland Park, where they had lived many years, and they had made personal investigation of the respective properties and apparently came to a full understanding as expressed in this contract. Appellant paid the earnest money of $10, and soon after the execution of the contract abstracts of title were furnished by each of the parties to the other. The abstract of title of appellee's property

was found to be satisfactory to appellant and no objection was raised to it. Appellant's abstract was by appellee placed in the hands of an attorney for examination, and on March 14, 1895, he rendered an opinion finding a number of objections, some material and some of minor importance, subject to which he found appellant had a good merchantable title. Appellant immediately went to work to cure such defects in his title as noted by the attorney and as appeared to be material. About this time, however, appellee offered to return to appellant his abstract and the $10 earnest money, informing him that she did not intend to carry out her contract, as his title was not good. From the record and from her evidence it appears the true reason was she had become dissatisfied with the contract, and believed the property she was receiving from appellant was not worth as much as he had represented and as she had first believed. It is apparent this was the prime cause which actuated her to refuse to carry out the contract. The principal reason assigned by appellee for declining to accept the abstract of title of appellant's property was, that while the contract provides for a conveyance to her of "lot 19 in block 75, in the city of Highland Park, Lake county, Illinois, as per said recorded plat," the correct description of the property, and that named in the deed which was afterwards tendered to her, is "lot 19, block 75, in Hawkins' addition to said city of Highland Park."

It is not controverted the property of appellant of which appellee made a personal investigation, and the house, buildings, etc., thereon, was as last described. It is also undisputed that there is but one block numbered 75 in the city of Highland Park, and that block is in Hawkins' addition. Originally there were but seventy-three blocks subdivided and platted, and they were consecutively numbered from 1 to 73, inclusive. Subsequently Frank P. Hawkins made a subdivision of the adjacent property, consisting of three blocks, which he

numbered 74, 75 and 76. The appellant's property is lot 19 in block 75. On this lot were located a new brick dwelling house and other improvements, which appellee went through and carefully examined the day before the contract was entered into.

On the 25th day of March appellant made a tender of a deed to appellee conveying the property last above described, and the balance of the money specified in the contract to be paid by him, both of which appellee refused to accept or to carry out the contract. No objection was made by her at that time as to the variance between the description of the property in the deed and that in the contract. Upon this refusal on her part appellant filed this bill for specific performance, and upon the trial, to establish his right thereto, offered the contract, and introduced proof of chain of conveyance from the United States to himself, and proof of the payment of taxes, for the purpose of establishing a good merchantable title. Appellee, for the first time upon the trial, objected to the variance in the description of the property, and also insisted the contract had been waived or abandoned by appellant having negotiated with appellee for the purchase of part of the property after she had refused to comply with the contract. Upon the hearing in the circuit court of Lake county a decree was entered dismissing appellant's bill for want of equity, and from that decree this appeal is prosecuted to this court.

D. L. ZOOK, and COOK & UPTON, for appellant:

Latent ambiguities in the description of premises in deeds, etc., may be explained by parol evidence, and such evidence may be resorted to for the purpose of identifying the premises and applying the calls of the deed, in suits for rectification and specific performance, and in other proceedings affecting title. *Colcord* v. *Alexander*, 67 Ill. 581; *Lyman* v. *Gedney*, 114 id. 388; *Chicago Dock Co.* v. *Kinzie*, 93 id. 415.

The sufficiency of the title is a question of law, and it is not competent to introduce the opinions of lawyers or conveyancers. *Parmly* v. *Head*, 33 Ill. App. 134; *Murray* v. *Ellis*, 112 Pa. St. 485; *Canfield* v. *Gilbert*, 4 Esp. 221; *Moser* v. *Cochran*, 107 N. Y. 35; *Mead* v. *Altgeld*, 136 Ill. 298; *Alpass* v. *Watkins*, 8 P. R. 516.

It is sufficient if the vendor is able to make out a good title at any time before decree, although he had not a good title at the time the contract was made. Fry on Specific Per. 347, note 1; 22 Am. & Eng. Ency. of Law, 960.

WHITNEY & UPTON, for appellee:

Where a good title is bargained for in the purchase of land, the purchaser will be entitled to demand a title having no defects which will materially impair its marketable quality, and if the vendor does not make such title good the purchaser may refuse to perform the contract of sale. *Mead* v. *Altgeld*, 136 Ill. 298; *Brown* v. *Cannon*, 5 Gilm. 174.

Purchasers of real estate should receive a title good beyond reasonable doubt. *Mead* v. *Altgeld*, 33 Ill. App. 373.

No ruling on evidence appearing, it will be presumed competent evidence only was considered by the chancellor. Even if it appears that incompetent evidence was introduced, still, if sufficient competent evidence appears in the record the decree of the circuit court ought to be affirmed. *Keithley* v. *Wood*, 47 Ill. App. 102; *Sanner* v. *Smith*, 51 Ill. 671; *Alexander* v. *Parker*, 42 id. 455.

The right to enforce specific performance is lost when the party seeking specific performance has consented to a rescission of the contract or has abandoned it. 22 Am. & Eng. Ency. of Law, 1062, and cases cited.

A party demanding specific performance of a contract must show that he himself has always been ready, willing and eager to perform on his part, even though time is not made essential by the contract. *Phelps* v. *Railroad Co.* 63 Ill. 468.

Any circumstances or course of conduct from whence can be clearly deduced an agreement to put an end to a contract will amount to a rescission, and such rescission may be proved by parol. *Harrison* v. *Polar Star Lodge,* 116 Ill. 279.

If it appears by the evidence that the agreement has been abandoned, specific performance will be denied. *Hale* v. *Bryant,* 109 Ill. 34; *Hoyt* v. *Tuxbury,* 70 id. 331.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

It is contended by appellant the facts presented by this record, and the law applicable thereto, are sufficient to authorize a decree in his favor, and that the decree in the circuit court dismissing his bill should be reversed. Specific performance is an equitable remedy, which compels the performance of a contract in the precise terms agreed upon, or such a substantial performance as will do justice between the parties under the circumstances of the case. Inflexible rules' cannot be laid down for the exercise of the power of a court of equity to grant specific performance of a contract. While it is true it is never to be demanded as a matter of absolute right, and the granting or denial of the relief sought rests in the sound judicial discretion of the court, yet where all the necessary elements, conditions and incidents are present, relief by way of specific performance should be granted as a matter of right, and not as a mere matter of favor. (*Day* v. *Hunt,* 112 N. Y. 191; *Hays* v. *Nourse,* 114 id. 595; *Jones* v. *Newhall,* 115 Mass. 244; *Chambers* v. *Livermore,* 15 Mich. 381; Pomeroy's Eq. Jur. sec. 1404; 22 Am. & Eng. Ency. of Law, 911, 912.) By the contract executed voluntarily by the parties to this suit, appellant is, under the rule above stated, entitled to a decree for specific performance, unless appellee has shown some valid and sufficient reason why such contract on her part should not be performed.

It is first urged the description of the premises owned by appellant, of which a deed was tendered to appellee and afterwards brought into court, varies from the description in the contract.  This is true; but is it a material legal variance, to an extent that should permit the avoidance of this contract?  The evidence clearly shows there is but one block numbered 75 in the city of Highland Park.  It is further shown that there is no vacated block bearing the number 75.  It is also shown the parties had in mind, at the time of the execution of the contract, the identical property to which a deed has been tendered by appellant; that appellee made a personal examination of such property, and is by such change of description in nowise being injured, defrauded or deceived.  Thus there is no difficulty in determining, from all the evidence, what particular property the contract refers to.  It was not error to admit parol evidence to explain the latent ambiguity existing between the two descriptions.  In *Lyman* v. *Gedney*, 114 Ill. 388, which was a bill for specific performance, and in which a misdescription had occurred in the contract, this court said (p. 410): "Without affirming or denying what may be the law in a case where rectification and specific performance rest entirely on parol evidence, there can be no question but that latent ambiguities may be explained by parol evidence, and that such evidence may also be resorted to for the purpose of identifying the premises and applying the calls of the deed in suits for rectification and specific performance, and in other actions and proceedings affecting title,"—citing *Cossitt* v. *Hobbs*, 56 Ill. 231, and *McLennan* v. *Johnston*, 60 id. 306.  The same rule as to the admission of parol evidence to explain a latent ambiguity was followed by this court in *Chicago Dock and Canal Co.* v. *Kinzie*, 93 Ill. 415.  In *Hurley* v. *Brown*, 98 Mass. 545, which was a bill for specific performance, the legal effect of the contract was to convey "a house and lot of land situated on Amity street, Lynn, Massachusetts," and

the question was raised whether such description was void for uncertainty. The court held that parol evidence was admissible to show the proper description of the property intended by the contract to be conveyed.

There can be no doubt in this case the parties contracted with reference to the particular property described in appellant's deed, and the contract was not void by reason of any wrong description.

It is also contended by appellee that a construction of that part of the contract which provides, "each party to furnish the other a complete and merchantable abstract of title for said respective lots, brought down to date, same to be furnished within ten days of this date, and said deeds to be delivered within three days after said respective titles are found to be good," would mean such title should be found to be good, from the abstract, within the time stipulated in the contract. In other words, it is contended the title must be absolutely good within three days, and if any question should arise regarding it, the court, on bill for specific performance, should not find the title to appellant's lot good and decree specific performance, on account of the time under the contract having expired by limitation. This position is not tenable. Courts know, and recognize as part of the general transaction pertaining to the sale and exchange of real estate, that an abstract of title shows nothing more than an abbreviated transcript of the records pertaining to such property, be the same perfect or faulty. A fair construction of this contract is, that abstracts were to be furnished within ten days, and if by the abstracts the titles were not found to be good, they should be perfected within a reasonable time and the deeds exchanged within three days after such titles were found to be good. It is not necessary that the vendor possess a perfect title at the time the contract is entered into. It is sufficient that he makes the contract in good faith, and will be able to convey by the time a decree of spe-

cific performance is rendered. (22 Am. & Eng. Ency. of Law, 960, and cases cited.) In many cases where abstracts are furnished and submitted to an attorney or examiner of titles, many defects, either of greater or minor importance, are pointed out, which it often takes a number of weeks to rectify, by quit-claim deeds, affidavits or otherwise, and it must be presumed, in a contract such as the one entered into in this case, opportunity was to be given to both parties to make good their respective titles within a reasonable time. In this case it appears appellant, immediately he ascertained the objections of appellee's attorney to his title, took steps to remedy it, as far as was possible. A trust deed dated in 1875 appeared not satisfied of record. On March 21 he obtained a release deed to satisfy this. The attorney for appellee who examined the abstract also noted the property to have been conveyed by the United States to John McCready and subsequently conveyed by John McCread, but, to rectify this, appellant produced the original deed showing the conveyance to have been by McCready, the former grantee. Another deed described the property as "the south-east forty of the north-east quarter," etc. There was no latent ambiguity in this expression, its common acceptation and meaning being well understood. Extrinsic evidence was admitted to show that about the date of this deed (1847) it was a common form of expression to say "a forty" or "an eighty," etc., to indicate a forty acres or an eighty acres, and therefore an abstract which read "a south-east forty" would readily be construed to mean the south-east forty acres. There was no error in permitting the fact to be thus established, nor do we regard it a defect. Other supposed defects suggested by the examiner of the abstract are not argued by appellee, and therefore need not be noted by this court.

A number of attorneys and examiners of real estate titles were offered by appellee to show the title to appel-

lant's property was defective. This was improper. The sufficiency of any title to real estate property is a question of law, and not of fact to be proven by the opinions of witnesses. Where, on a bill for specific performance, the defendant alleges defective title to plaintiff's property, it is a question for the trial court, upon a hearing, to determine from the terms of the contract, and also as a question of law, whether such title is sufficient.

It is urged also by appellee that there was a waiver and abandonment of this contract by appellant. Late in March, 1895, appellee refused to comply with her contract. On May 8 appellant addressed her a line requesting the privilege of talking with her on business matters, and on May 9 wrote her stating that he wished to see her about the purchase of a lot, etc. About that time he had a short personal interview with her, and in the course of the conversation he spoke about a great many pieces of real estate and prices, and said if he had bought the particular property as he supposed he had, he would put an alley through it, whereupon appellee replied she held this property (being the property mentioned in the contract) at $100 per foot. Appellant thereupon said that it was useless to talk further regarding it, and went away. There is no sufficient evidence in the record of an abandonment or waiver of the contract. Where an abandonment or waiver is relied upon, it must be shown to have been the clear intention of the parties to abandon the contract previously entered into. (*Mix* v. *White*, 36 Ill. 484.) Courts will indulge no presumptions in favor of a waiver of a contract where specific performance is attempted to be enforced, nor will it infer waiver or abandonment upon slight proof. (22 Am. & Eng. Ency. of Law, 1062.) A parol waiver or discharge of a written contract must be clear and explicit, and be proved beyond a doubt. *Huffman* v. *Hunner*, 18 N. J. Eq. 83.

Appellee, in her evidence in the trial court, dwelt upon the fact that appellant's property is not worth as

much as he represented it to be, and that she relied upon his representations.    This would not be a good defense. Mere matters of opinion, or expression of an opinion, by the owner of property as to its value, standing alone, will not be held to be a misrepresentation. *Brady* v. *Cole*, 164 Ill. 116.

Taking the record as a whole, it appears the contract for the exchange of these properties was fairly entered into between these parties, and was free and clear from any taint of fraud; that appellant has complied with all the terms and conditions imposed by this contract upon him in respect to the furnishing of a merchantable abstract of title to his property and in other respects mentioned in the contract.    There appears no sufficient legal reason why he should have been denied the relief asked for in his bill for specific performance in this case.

The decree of the circuit court of Lake county dismissing appellant's bill is reversed and the cause remanded to that court, with directions to enter a decree granting to appellant the relief asked for in his bill in conformity with the views herein expressed.

*Reversed and remanded.*