ANTON ULLSPERGER

*v.*

CHARLOTTE MEYER.

*Opinion filed October 24, 1905.*

1. STATUTE OF FRAUDS—*when memorandum of contract for sale of land is sufficient.* A written memorandum of a contract for the sale of land, signed by the party to be charged and containing the names of the vendor and vendee, a description of the property sufficient to identify it and the terms and conditions of the sale, is sufficient, on its face, to satisfy the requirements of the Statute of Frauds and support a decree of specific performance.

2. SAME—*verbal acceptance of a unilateral contract renders it mutual.* Verbal acceptance by a proposed vendee, with notice to the proposed vendor, and an offer to perform, renders a memorandum for the sale of land, which was signed only by the vendor, mutual and binding upon both parties; and if the contract purports to be a consummated one, acceptance, alone, is sufficient.

3. SPECIFIC PERFORMANCE—*when specification of time for performance is not essential.* Absence of a provision specifying the time for completing a contract for the sale of land, if time is not made the essence of the contract, does not render a bill for specific performance obnoxious to demurrer, since the law will imply a reasonable time in such case, which would be a matter of proof under the particular circumstances.

4. SAME—*law presumes that consideration agreed upon was adequate.* Mere inadequacy of consideration will not, alone, defeat an action for specific performance, and in the absence of any allegation in the answer showing that the defendant was overreached

or imposed upon by fraud in naming the consideration agreed upon the law presumes that the agreed consideration was adequate.

5. SAME—*when contract is prima facie capable of specific performance.* A memorandum signed by the owner of land acknowledging the receipt, from a named person, of a certain sum of money on the purchase of certain city property described by number and street, and specifying the total price to be paid, is *prima facie* capable of specific performance.

6. SAME—*discretion of court as to specific performance is not arbitrary.* The discretion of the chancellor as to refusing to decree specific performance is not arbitrary, and may be exercised only where the facts are doubtful, or the contract or its terms are so uncertain that injustice might arise from enforcing the contract.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding.

WALTHER & LANAGHEN, for appellant.

CHESTER FIREBAUGH, and SAMUEL J. SCHAEFFER, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This was a suit for specific performance of a certain contract set out in appellant's bill of complaint, which is, in substance, as follows: It alleges that on the 8th day of January, 1905, defendant was seized and possessed, in fee simple, of real estate situated in the city of Chicago, county of Cook and State of Illinois, described as follows: The real estate and premises known as No. 1031 Milwaukee avenue, which are otherwise and legally described as lot 13 in the subdivision of the westerly half of block 11, in McReynold's subdivision of part of the east half of the north-east quarter of section 6, township 39, north, range 14, east of the third principal meridian; that being so seized, on that date said defendant agreed to sell said premises and real estate to the complainant for the sum of $14,000, and the complainant agreed to purchase said real estate and to pay said defendant therefor said sum of $14,000; that on that date, to evidence

the sale and purchase, the said Charlotte Meyer, by the name of C. Meyer, executed a certain document in writing, which document is in the words and figures following:

"CHICAGO, *Jan. 8, 1904.*
"Received of Anton Ullsperger $100 on said purchase of the property No. 1031 Milwaukee ave., at the price of $14,000.
　　　　　　　　　　　　　　　　　　　　　　　C. MEYER."

The bill further alleges that the said document bears date January 8, 1904, but in fact the same was written and signed by the defendant on the 8th day of January, 1905, and that an error and mistake were made by the person writing said document in stating the date as 1904 instead of 1905; that the said premises described as No. 1031 Milwaukee avenue in said document aforesaid are the same premises and real estate above described as lot 13, etc., and in the purchase of said premises aforesaid the complainant intended to purchase said lot 13 and said defendant intended to sell to the complainant said lot 13, aforesaid; that the complainant has always been willing to comply with the terms of the agreement on his part to be performed, and that a few days after the said 8th day of January, 1905, complainant applied to said defendant and offered to pay her the sum of $13,900, being the balance then due to the defendant under the said agreement, on said defendant delivering to the complainant a sufficient deed for said premises according to said agreement, and the defendant refused, and still refuses, to comply with said agreement on her part, although the complainant is and always has been ready and willing to pay said sum of $13,900, and to fully perform his part of said agreement whenever the defendant will make and deliver to complainant a good and sufficient deed for said premises aforesaid; that the defendant, subsequent to executing said document aforesaid, informed the complainant that she would not accept the balance of $13,900, and would not sell and convey said premises and real estate to the complainant in accordance with said agreement, and absolutely refused to carry

said agreement out. The bill makes said Charlotte Meyer a party defendant, and prays that she may answer said bill not under oath, answer under oath being waived; that the defendant may be decreed specifically to perform the said agreement entered into and make a good and sufficient deed of conveyance to the complainant of said premises, the complainant being ready and willing and thereby offering specifically to perform said agreement on his part upon the defendant making out a good and sufficient title to the said premises and executing a proper conveyance thereof to the complainant pursuant to the terms of said agreement, and to pay the defendant the residue of said purchase money, and for general relief.

To the bill general and special demurrers were filed, and the demurrers were sustained and a decree was accordingly entered dismissing the bill for want of equity, and this appeal is prosecuted to review that decree.

The principal question presented for our consideration is whether or not the memorandum of writing entered into was sufficient to take the contract out of the Statute of Frauds and Perjuries. The Statute of Frauds and Perjuries (Hurd's Stat. 1903, p. 995,) reads:

"Sec. 2. No action shall be brought to charge any person upon any contract for the sale of lands, tenements or hereditaments or any interest in or concerning them, for a longer term than one year, unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party."

Section 3 of the same chapter reads: "The consideration of any such promise or agreement need not be set forth or expressed in the writing but may be proved or disproved by parol or other legal evidence."

From the reading of the above sections of the statute it will be seen that it is only necessary that some memorandum

or note be made of the contract and signed by the party to be charged therewith. "The statute does not require that the contract itself shall be reduced to writing. It is sufficient if there be a memorandum of the contract in writing, signed by the party to be charged or by some one by him duly authorized. (*Cossitt* v. *Hobbs,* 56 Ill. 231; *McConnell* v. *Brillhart,* 17 id. 354; *Spangler* v. *Danforth,* 65 id. 152; *Wood* v. *Davis,* 82 id. 311.) No particular form of language is necessary to constitute the memorandum requisite to satisfy the requirements of the statute. An admission in writing of the bargain having been made, although it may not furnish exclusive evidence of the contract, as a final agreement would do, or an offer in writing so stating the proposal that its mere·acceptance would fix the terms of the bargain, will, if accepted, satisfy the statute, and the acceptance of the offer in writing may be shown by parol.—Browne on Statute of Frauds, sec. 345*a; Esmay* v. *Gorton,* 18 Ill. 483, and authorities *supra; Farwell* v. *Lowther,* 18 id. 252." (*Lasher* v. *Gardner,* 124 Ill. 441.)

The authorities are agreed that if the memorandum shall contain, on its face, the names of the parties vendor and vendee, a sufficiently clear and explicit description of the thing, interest or property as will be capable of identification, together with the terms and conditions of the contract, and signed by the party to be charged, it will be sufficient upon which to predicate a decree for specific performance. (*McConnell* v. *Brillhart, supra.*) The contract or memorandum set up in the bill, while in the nature of a receipt, clearly evidences a sale of the property therein described as having taken place from appellee to appellant, and acknowledges that $100 has been paid upon the purchase price of $14,000 by appellant. Appellant is named as the purchaser, and the text of the writing clearly designates appellee as the vendor by whom the writing is signed, so that it will be seen that the contract or writing relied upon contains all that is required by the statute, and more, as the statute does not re-

quire that the consideration shall be stated in the writing but authorizes it to be established by parol.

It is insisted that there is no time specified for the completion of the contract, and that therefore the contract is not complete. Under such a contract the law would imply that it was to be performed within a reasonable time after entering into the same, and what would be a reasonable time would be a matter of proof under all the conditions and circumstances that might surround the case. (*Gibson* v. *Brown*, 214 Ill. 330; *Driver* v. *Ford*, 90 id. 595; *Hamilton* v. *Scully*, 118 id. 192; *Biddison* v. *Johnson*, 50 Ill. App. 173.) Time was not made the essence of the contract in question, and the bill was not obnoxious to demurrer because of the absence of the provision specifying the time in which the performance should take place. The allegation in the bill touching that matter is, that appellant, within a few days after the making of the contract, applied to appellee for performance on appellee's part, and that appellant at the same time offered to perform on his part by paying the full balance of the purchase price.

The contention that the sum of $14,000 was an inadequate consideration, and that specific performance was properly refused for that reason, we regard as untenable. The consideration was that agreed upon between the parties, as shown by the contract and the allegations of the bill. In the absence of an answer showing that appellee was overreached or some inequitable advantage taken of her through which the named consideration was fixed, the law presumes that the consideration fixed by the parties was an adequate and reasonable consideration. Furthermore, mere inadequacy of consideration, if agreed upon by the parties without fraud, would not be sufficient to defeat a decree for specific performance. The owner of the property has the right to sell it, or contract to sell it, for such price as he sees fit and is satisfied to fix, and if he does sell or agree to sell for a valuable consideration, although it may be inadequate, and

no advantage was taken of him or the consideration fixed through fraud or misrepresentation, he cannot, when he finds that the property is worth more than he agreed to take or sell for, rescind the sale or refuse to perform.

It is urged that this contract lacks in the material element of mutuality. The particular ground upon which this contention is based is, that the contract is signed by appellee only. It is found in option contracts, and unilateral contracts generally, that the rule here contended for has no application; that the mere verbal acceptance by the second party to the contract, or the vendee, or the person holding the option, with notice thereof to the vendor and an offer to perform, renders the contract mutual and binding.

But it is said that in the particular contract before us there was no future act or option contemplated, and that the contract had all its validity at the time it was originally made, and that to entitle specific performance of such contract there must be mutuality of obligation and remedy. It is difficult to understand upon what substantial ground the difference in the rule applicable to the two sets of contracts contended for, if it exists, is based. We are unable to understand why the mere written option signed by the vendor shall bind him by the verbal acceptance of the vendee and his offer to perform be held to be a mutual and binding contract within the Statute of Frauds, and the contract of sale acknowledging the receipt of part payment, signed by the vendor, shall be held void for want of mutuality upon the alleged ground that the vendee has not bound himself to perform by some writing. We are aware that there is a diversity of opinion and a contrariety of holdings by the courts of last resort in the various States upon this subject, but a careful review of the authorities leads us to conclude that a contract otherwise clear and explicit is sufficient to meet the requirements of the Statute of Frauds if signed by the vendor. In the second edition of the American and English Encyclopedia of Law (vol. 29,) the subject under consideration is extensively discussed and

the authorities touching it reviewed, and the conclusion there announced is (p. 858) : "The weight of authority is, that the statute is satisfied if the memorandum be signed by the parties sought to be charged, alone,—or, in other words, by the party defendant in an action brought to enforce the contract, whether he be vendor or vendee. In the case of a contract for the sale of lands the vendor is usually the person to be charged, and a memorandum signed by him alone is valid. The party not signing the memorandum is not bound unless, as held by some authorities, he has accepted the same as a valid, subsisting contract. Want of mutuality arising from the failure of both parties to sign cannot be successfully pleaded as a defense by the party who did sign, as the act of filing a bill for specific performance binds the plaintiff and renders the contract mutual." A reference to the authorities there cited shows that the rule thus obtains in England and in the majority of the United States. Speaking of this rule, Mr. Pomeroy, in his work on Specific Performance, (sec. 75,) in part says: "It may, perhaps, be sustained upon the following grounds: The Statute of Frauds does not reach the substance of contracts and render them valid or invalid. It simply furnishes a rule of evidence. Whenever, therefore, any agreement is enforced against a defendant who has signed it by a plaintiff who has not, it cannot be said that the agreement, so far as it purports to bind the plaintiff, is a nullity. In the suit against him the statute does no more than require a certain kind of proof in case he avails himself of it as a defense. The defense, however, is wholly a personal one, and if he neglects to set it up the agreement would be established against him, notwithstanding the statute. For these reasons it cannot be said that a memorandum signed by one party alone is so completely wanting in mutuality that no action upon it can be sustained." Mr. Story, in his Equity Jurisprudence, (vol. 2, sec. 736a,) says: "But it is not necessary to the specific performance of a written agreement that it should be signed by the party seeking to enforce it.

If the agreement is certain, fair and just in all its parts, and signed by the party sought to be charged, that is sufficient. The want of mutuality is no objection to its enforcement." Parsons, in his work on Contracts, (vol. 2, p. 290,) says: "And it is now quite settled that the agreement need not be signed by both parties, but only by him who is to be charged by it. And he is estopped from denying the execution of the instrument on the ground that it wants the signature of the other party."

Early in the nineteenth century the question came before Chancellor Kent, and in two cases (*Parkhurst* v. *VanCortlandt,* 1 Johns. Ch. 282, and *Benedict* v. *Lynch,* 1 id. 370,) the chancellor intimated that the rule was as contended for by appellee. But in 1817, in *Clason* v. *Bailey & Vorhees,* 14 Johns. 484, the question was again before him for consideration and the authorities are fully reviewed, and the conclusion of the chancellor is thus stated (p. 486) : "Clason's name was inserted in the contract by his authorized agent, and if it were admitted that the name of the other party was not there by their direction, yet the better opinion is that Clason, the party who is sought to be charged, is estopped, by his name, from saying that the contract was not duly signed within the purview of the Statute of Frauds, and that it is sufficient if the agreement be signed by the party to be charged. It appears to me that this is the result of the weight of authority both in the courts of law and equity." After reviewing the authorities the chancellor further said (p. 489) : "I have thought, and often intimated, that the weight of argument was in favor of the construction that the agreement concerning lands, to be enforced in equity, should be mutually binding, and that the one party ought not to be at liberty to enforce, at his pleasure, an agreement which the other was not entitled to claim. It appears to be settled (*Hawkins* v. *Holmes,* 1 P. Wms. 770,) that though the plaintiff has signed the agreement he cannot enforce it against the party who has not signed it. The remedy, therefore, in such case,

is not mutual. But notwithstanding this objection, it appears from the review of the cases that the point is too well settled to be now questioned." To like effect is *McCrea* v. *Purmiont,* 16 Wend. 460.

So far as we are advised the question was first presented to this court in *Johnson* v. *Dodge,* 17 Ill. 433. That was a bill for specific performance of a contract for the sale of land signed by the vendor only. The vendee was to pay one-fourth in cash, and one-fourth in one, two and three years, respectively. He paid $50 at the time the writing was made and delivered to him. The vendee offered to perform and the vendor refused, when the vendee's bill was filed and dismissed for want of equity. This court reversed the decree of the lower court, and upon the subject now being considered said (p. 442) : "It was not necessary to the obligation of the contract that it should have been signed by the vendee. His acceptance and possession of the contract, and payment of money under it, are unequivocal evidences of his concurrence, and constitute him a party as fully and irrevocably as his signing the contract could,"—citing 2 Parsons on Contracts, 290; *McCrea* v. *Purmont, supra; Shirly* v. *Shirly,* 7 Blackf. 452; *Estes* v. *Furlong,* 59 Ill. 298; *Cossitt* v. *Hobbs,* 56 id. 231. In *Esmay* v. *Gorton,* 18 Ill. 483, it is said (p. 486) : "While the contract must be mutual, the current of authorities seems to settle the construction of the Statute of Frauds as only requiring the signature of the party to be charged, and the party so charged, on bill for specific performance, may not allege the want of the signature of the other contracting party." To like effect are *Farwell* v. *Lowther,* 18 Ill. 252; *Perkins* v. *Hadsell,* 50 id. 216; *Estes* v. *Furlong, supra; Spangler* v. *Danforth,* 65 id. 152; *Gradle* v. *Warner,* 140 id. 123; *Memory* v. *Niepert,* 131 id. 623; *Ames* v. *Moir,* 130 id. 582; *Plumb* v. *Campbell,* 129 id. 101; *Forthman* v. *Deters,* 206 id. 159.

The case of *Forthman* v. *Deters, supra,* is a very late case and on all-fours with the case at bar, and in which the ques-

tion now before us was fully considered, and the conclusion there reached and announced is, that where a party accepts and adopts a written contract, even though it is not signed by him, he is deemed to have assented to its terms and conditions and is bound by them, and that where the contract purports to be a consummated contract, the mere acceptance and adoption of the writing establishes mutuality and makes the contract binding on both parties. We deem that case conclusive of the case at bar.

We regard the rule as too well established to be open, that appellee, who is the vendor having signed the writing herein above set forth, cannot defeat performance upon the ground of want of mutuality, based upon the fact, alone, that appellant, the vendee, did not sign the same. The appellant had paid part of the consideration and had offered to pay the whole of it within a few days of the making of the contract, and unless appellee, by her answer, shall show that to enforce the same would be inequitable for some reason other than the mere want of the signature of appellant to the contract, we are of the opinion that she should be required to perform.

It is suggested that the chancellor is vested with discretion in the granting of specific performance, and that therefore this court will not enforce a decree wherein that discretion has been exercised and relief denied. The discretion with which the chancellor is vested is a legal, and not arbitrary, discretion. He may only exercise his discretion and deny relief when the facts are doubtful, or the contract, or some of its terms, are so uncertain that injustice might arise. No such condition here exists.

The decree of the circuit court is reversed and the cause remanded to that court, with directions to overrule the demurrer, and for such further proceedings as to justice and equity shall appertain.                *Decree reversed.*