WILLIAM R. KELLY, Appellant, *vs.* FREDERICK FISCHER, Appellee.

*Opinion filed April 23, 1914.*

1. STATUTE OF FRAUDS—*an agent's contract, and also his authority, must be in writing.* Prior to the amendment of the Statute of Frauds, in 1869, it was not necessary that the authority of an auctioneer or other agent be in writing, but under the present statute it is necessary, not only that the contract made by an agent by virtue of his authority shall be in writing, but that the authority of the agent must also be in writing.

2. SAME—*when sale by auctioneer does not comply with statute.* A printed notice signed by the owner of lots announcing his intention to sell the same at public sale, and hand-bills signed by him announcing the sale, are sufficient authority to the auctioneer, but upon making the sale there must also be some contract or memorandum in writing signed by the auctioneer, otherwise the owner is not bound to carry out the sale.

3. SAME—*a verbal promise to carry out an agent's contract is not binding.* A verbal promise by the owner of lots to carry out a contract for their sale, made by an agent without any note or memorandum in writing signed by him, does not satisfy the requirements of the Statute of Frauds; nor does the owner's acceptance of part of the purchase price and his agreement as to terms take the case out of the statute.

4. SAME—*party has a legal right to claim benefit of Statute of Frauds.* The owner of land has a legal right to claim the benefit of the Statute of Frauds where the contract for the sale of the land does not meet the requirements of the statute, and his moral wrong in refusing to be bound by his verbal agreement does not authorize the application of the doctrine of equitable estoppel.

APPEAL from the Circuit Court of Effingham county; the Hon. A. M. ROSE, Judge, presiding.

WOOD BROS. & RICKELMAN, for appellant.

BYRON PIPER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Effingham county sustained the demurrer of Frederick Fischer, appellee, to the bill of William R. Kelly, appellant, filed to enforce the specific performance of a contract by compelling a conveyance of four lots bought by appellant at a public sale held by appellee. The demurrer set up the Statute of Frauds and Perjuries, and the court having sustained the demurrer the appellant stood by his bill, whereupon the court dismissed it for want of equity and rendered judgment against him for costs.

The following facts were confessed by the demurrer: The defendant owned lots 9, 10, 11 and 12 in block 23, in the village of Shumway, and caused to be published in a newspaper a notice, signed by himself, that he would sell the lots at public sale on Saturday, April 8, 1913, and that the terms of sale would be made to suit the purchaser. He also caused small hand-bills of the same character, signed by himself, to be distributed advertising the sale. On the day of the sale he went to the lots with an auctioneer and clerk and made the sale. The auctioneer, with one of the hand-bills in his hand, opened the sale, and lot 12 was first offered and the highest bid was $185. Lot 11 was next offered and the highest bid was $145. Lot 10 was the .

third one offered and the complainant's bid of $80 was the highest. Lot 9 was then offered and complainant's bid of $130 was the highest. None of the lots were struck off or sold on these bids but the auctioneer's clerk made a memorandum of the bids and footed up the amounts, making a total of $540. The clerk entered the lots on his memorandum, designating lot 12 as No. 1, lot 11 as No. 2, lot 10 as No. 3 and lot 9 as No. 4. The auctioneer then offered the four lots together, and appellant bid therefor $606, and he being the highest bidder they were struck off and sold to him. The sale to him was noted on the memorandum, and the memorandum, completed, is as follows:

"Lot No. 1, Fred Bernice            $185.00
Lot No. 2, Fred Bernice             145.00
Lot No. 3, W. R. Kelly               80.00
Lot No. 4, W. R. Kelly              130.00
                                    _____
                                    $540.00

To W. R. Kelly            $606.00
Paid April 5, 1913,         50.00
Balance due                556.00"

After the sale the complainant, the defendant and the clerk went to a bank, where the terms of payment were agreed upon, as follows: $50 cash, $350 on the execution of a deed, and for the balance the complainant was to give his note, with his wife as security. The plaintiff paid the $50 to the defendant, and the clerk indorsed the payment on the memorandum and delivered it to the complainant. The defendant refused to execute a deed for the lots and gave as a reason that his wife would not sign the deed, but the complainant did not demand, and by his bill did not demand, that his wife should join in the deed. The complainant was ready and willing to pay $350 as agreed or to pay the whole unpaid balance in cash, and on or about May 1, 1913, he offered to pay the full amount of the balance of $556 in cash and deposited that amount in a bank at Shumway, to be delivered to the defendant

on the execution of a deed for the lots. The only offer of the defendant was to return the $50.

Section 2 of the Statute of Frauds and Perjuries provides that no action shall be brought to charge any person upon any contract for the sale of lands unless such contract, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party. Prior to 1869 the statute did not require the authority of an agent to be in writing, but that requirement was then added. (Laws of 1869, p. 363.) Before that change in the statute it was held that the authority of an auctioneer or other agent need not be in writing. (*Doty* v. *Wilder,* 15 Ill. 407; *Johnson* v. *Dodge,* 17 id. 433.) Under the present statute it is necessary, not only that the contract made by an agent by virtue of his authority shall be in writing, but the authority of the agent must also be in writing. (*Fletcher* v. *Underwood,* 240 Ill. 554.) The notice signed by the defendant and published in the newspaper, and the hand-bills signed by him, were sufficient authority to the auctioneer, but upon making the sale of the lots no contract or memorandum, or note thereof, in writing, was made and signed by the auctioneer, which was necessary under the statute. The subsequent arrangement at the bank by which the terms of sale were fixed did not bind the defendant, because a verbal promise by him to carry out the contract made by an agent not duly authorized did not meet the requirements of the statute. (*Kesner* v. *Miesch,* 204 Ill. 320.) The payment of the $50, alone, was not sufficient part performance to take the case out of the statute. (*Temple* v. *Johnson,* 71 Ill. 13; *Dicken* v. *McKinley,* 163 id. 318; *Koenig* v. *Dohm,* 209 id. 468.) The defendant had a legal right, if he saw fit, to claim the benefit of the statute, and the fact that he did so does not constitute a fraud which would permit complainant to invoke the rule that the Statute of Frauds can

not be used to perpetrate a fraud. The moral wrong of refusing to be bound by a verbal agreement because it does not comply with the statute does not authorize the application of the doctrine of equitable estoppel. *Koenig* v. *Dohm, supra.*

The decree is affirmed.        *Decree affirmed.*