MARY KOHLBRECHER *et al.* Appellees, *vs.* LOUISA GUETTERMANN, Appellant.

*Opinion filed February 24, 1928.*

1. SPECIFIC PERFORMANCE—*what memorandum must contain to satisfy Statute of Frauds.* Under the second section of the Statute of Frauds a contract for the sale of real estate must be complete in itself and cannot rest partly in writing and partly in parol, and for a note or memorandum to satisfy the statute it must contain on its face, or by reference to other writings, the names of the vendor and vendee, a sufficient description of the property to identify it, and the terms and conditions of the contract.

2. SAME—*why names of parties must be included in written memorandum of contract.* A note or memorandum of a contract for the sale of real estate must contain the names of the vendor and vendee to be binding upon the party signing the same or authorizing his signature for the reason that without such identification of parties no contract is shown, as a stipulation or promise by one does not bind him save only to the person to whom the promise is made, and until that person's name is shown it cannot be said that the writing contains a memorandum of the bargain.

3. SAME—*when answer setting up Statute of Frauds is sufficient in Supreme Court.* In pleading the Statute of Frauds express reference to the statute is not necessary but sufficient facts must be stated to show that the defendant seeks the protection of

the statute; and where the statute is set up in an answer which sets out facts to show wherein the statute is applicable to the allegations in the bill, the answer will be a sufficient pleading of the statute where the question is raised for the first time in the Supreme Court after the cause has been tried solely upon the question whether or not a certain memorandum of the contract is sufficient to satisfy the statute.

4. SAME—*Statute of Frauds may be relied upon notwithstanding acceptance of part of purchase price.* A party may rely upon the Statute of Frauds as a defense notwithstanding the acceptance of a part of the purchase price.

5. SAME—*an agent employed to sell is not authorized to accept part of purchase price—Statute of Frauds.* Authority to accept and receipt for a portion of the purchase price is not presumed from the employment of an agent to sell real estate but such authority must be specifically given before the principal can be bound by the act of the agent, and where such authority is not specifically given, a receipt signed by the agent cannot be relied upon as satisfying the Statute of Frauds.

APPEAL from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

CLYDE D. MILLER, and W. R. WEBER, for appellant.

PRESTON K. JOHNSON, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The appellant, Louisa Guettermann, verbally employed H. P. Weaver, a real estate agent, to sell for her a certain house and lot known as No. 102 South Second street, in Belleville, Illinois. Weaver interested appellees, Mary and August Kohlbrecher, in the property, and they all met appellant at the property about November 26, 1921. Mrs. Guettermann there agreed to sell, and appellees agreed to purchase, the house and lot for $4400, to be paid for in December, 1921. By this agreement, which was oral, appellant was to deliver possession to appellees about February 1, 1922. On December 9, 1921, appellees paid on the contract of purchase $50 and appellant delivered to them this instrument in writing:

"*Dec. 9, 1921.*

"For the sum of forty-four hundred dollars, I, the undersigned, agree to sell my property located at the corner of Second and Washington known as No. 102 South Second, paid in hand fifty dollars as earnest money."

This writing was signed by appellant by her son, in her presence and by her direction. The $50 earnest money was paid to Weaver and retained by him as commission for his services to appellant, with her consent. On December 16, 1921, Mrs. Kohlbrecher paid to Weaver, for appellant, the further sum of $350 as part payment on the house and lot and received from Weaver a receipt for $400, which included the first payment aforesaid, and at the same time Mrs. Kohlbrecher delivered to him the receipt he had given her for the $50. Weaver offered to deliver the $350 to appellant, but she refused to accept it and informed him that she had sold the house and lot to another party for more money. Weaver had been directed by appellant to furnish, and did furnish, to appellees an abstract of title to the property. On December 22, 1921, appellees tendered the entire purchase price to appellant, who again refused to accept the money on the ground that she had sold the property to another party. The agent still retains the $50 paid to him as commission, and the $350 he still holds for appellant. There was no writing signed at any time by appellees, or either of them, concerning the sale and purchase of the property. There was no writing signed by appellant which contained the names of the purchasers or either one of them. The only writing that did contain a reference to either of the purchasers was the receipt signed by Weaver as agent of appellant, which is in these words: "Received from Mrs. Kohlbrecher four hundred dollars as part payment on house bought from Mrs. Louise Guettermann." Appellant did not authorize the signing of that receipt by her agent or the collection of the payment by the agent.

On March 28, 1922, appellees filed their bill in the circuit court of St. Clair county against appellant for the specific

performance of the contract and alleged substantially the foregoing facts, and further alleged that they have at all times since the date of the signing of the contract by appellant been ready, and are still ready and willing, to pay to appellant the full sum of the purchase price, except the sum of $50 accepted by appellant as a payment to her. They offered in their bill to pay such remainder into court for her use, and alleged that they requested appellant to make conveyance to them as she agreed to do but that she refused so to do. Appellant filed an answer, admitting that she refused, and still refuses, to convey the premises to appellees. She admits that she was possessed of and seized in fee simple of the house and lot. She denies that she entered into an agreement in full as to the sale of the premises with appellees, either by herself or by her duly authorized agent; denies that such alleged agreement between her and appellees was reduced to writing and signed by her or by her duly authorized agent; denies that a mutual sale between appellees and herself has been duly agreed upon and consummated. The provisions of the second section of the Statute of Frauds is set up in the answer, providing that no action shall be brought to charge any person upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them, etc., unless such contract, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party. It is then stated in the answer that appellant insists upon said statute and claims the same benefit as if she had pleaded the same. A replication was filed to the answer, and the cause was referred to a special master in chancery to take the evidence and report his findings and conclusions of law and his recommendations to the court. The evidence taken by the master was that of witnesses produced by appellees, which supports the allegations of the bill, and no testimony was offered by appellant.

To satisfy said section of the Statute of Frauds and to enable a party to enforce specific performance of a contract to sell real estate the contract must be in writing, and while no particular form is necessary, the contract, or some memorandum or note thereof, must be complete in itself and can not rest partly in writing and partly in parol. (*Weber* v. *Adler*, 311 Ill. 547.) The statute does not require that the contract itself shall be reduced to writing. It is sufficient if there be a memorandum or note of the contract in writing, signed by the party to be charged or by someone by him duly authorized. Any kind of writing is sufficient to satisfy the statute, including hasty notes, memoranda in books, papers, letters and telegrams, if they contain on their face or by reference to other writings the names of the vendor and vendee, a sufficient description of the property to render it capable of identification, and the terms and conditions of the contract. *Cossitt* v. *Hobbs*, 56 Ill. 231; *Wood* v. *Davis*, 82 id. 311; *Lasher* v. *Gardner*, 124 id. 441; *Elwell* v. *Hicks*, 238 id. 170; *Hartenbower* v. *Uden*, 242 id. 434; *Stein* v. *McKinney*, 313 id. 84.

The sole contention of appellant on this record is, that the court erred in holding that the aforesaid note or memorandum constitutes a sufficient note or memorandum of the sale of the real estate, and that such note or memorandum is not sufficient because of the fact that it does not name or have appended thereto the names of appellees or either of them. In the following cases this court has said that such a memorandum or writing must contain the names of the vendor and vendee to be binding upon the party signing the same or authorizing his name to be so signed: *McConnell* v. *Brillhart*, 17 Ill. 354; *Cossitt* v. *Hobbs, supra; Farwell* v. *Lowther*, 18 Ill. 252; *Wood* v. *Davis, supra; Patmor* v. *Haggard*, 78 Ill. 607; *Kopp* v. *Reiter*, 146 id. 437; *Elwell* v. *Hicks, supra; Stein* v. *McKinney, supra.*

The rule of the English, Federal and a majority of the State courts of this country is, we believe, stated in 27 Cor-

pus Juris, p. 275, as follows: "The memorandum must state who are the parties to the contract, either by naming them or by so designating or describing them that they may be recognized or identified without fair or reasonable doubt or dispute. It must contain the names or sufficient descriptions of both parties to the contract, not only the person to be charged but also the person in whose favor he is to be charged." This is the rule in the majority of jurisdictions in which statutes similar to the English statute of Frauds and Perjuries (29 Car. II, chap. 3, 1676,) have been adopted. The reason for the rule that the writing or memorandum must identify both parties to the contract is, that without such identification no contract is shown, inasmuch as a stipulation or promise by one does not bind him save only to the person to whom the promise was made, and until that person's name is shown it is impossible to say that the writing contains a memorandum of the bargain. (*Peoria Grape Sugar Co.* v. *Babcock,* 67 Fed. 892; *Grafton* v. *Cummings,* 99 U. S. 100.) The Appellate Division of the Supreme Court of New York has aptly said: "The reason upon which this rule is founded is, that unless the names of both parties appear the contract may be foisted upon anyone by perjury, which is the very thing that the Statute of Frauds was enacted to prevent." (*Tobias* v. *Lynch,* 182 N. Y. Supp. 643.) The English courts have repeatedly said that the language of the statute cannot be satisfied unless the existence of a bargain or contract appears, evidenced in writing, and a bargain or contract cannot so appear unless the parties to it are specified, either nominally or by description or reference.

The case of *Butman* v. *Butman,* 213 Ill. 104, relied upon by appellees, is not contrary to the foregoing authorities, as the contract in that case was made by the agent with the purchaser and ratified by the principal, and all the writings, including checks, telegrams and letters, constituted the memorandum of the contract and contained the names of

the vendor and vendee. The cases cited by appellees to the effect that the memorandum need not be signed by both parties but only by the party to be charged are not in conflict with the rule that the memorandum must identify the contracting parties.

It is also contended by appellees that appellant is not in a position to claim the benefit of the Statute of Frauds under her answer. The rule in pleading the Statute of Frauds is, that express reference to the statute is not necessary but sufficient facts must be stated to show that the defendant seeks the protection of the statute. This is so because the statute does not declare oral contracts for the conveyance of real estate to be void but simply voidable. Appellant specifically claimed the benefit of the Statute of Frauds, which is set up in her answer, and sets out facts to show wherein the statute is applicable to the allegations in the bill. The cause was tried on the one theory that the Statute of Frauds has been satisfied and that it was not necessary for the writing or memorandum to identify both parties, and the sufficiency of the answer is raised for the first time in this court. We regard the answer as sufficient to entitle appellant to rely on the Statute of Frauds as a defense. A party may rely upon that statute as a defense notwithstanding the acceptance of a part of the purchase price. *Kelly* v. *Fischer,* 263 Ill. 184.

The second receipt signed by the agent is not to be considered as that receipt was not authorized by appellant, and she did not authorize her agent to collect payments on the contract or to bind her in any way to a contract of purchase. Such authority cannot be presumed but must be specifically given to an agent before the principal can be bound by the agent. *Mitchell* v. *Art Institute,* 269 Ill. 381; *Hughes* v. *Carne,* 135 id. 519.

The decree of the circuit court must therefore be, and it is, reversed.

*Decree reversed.*