ELLEN A. PLATT *vs.* THE STONINGTON SAVINGS BANK.

Petitions in chancery for the specific performance of contracts are addressed to the discretion of the court, and will not be granted unless the contract is made according to law, and is equitable, reasonable, certain, mutual, on good consideration, consistent with policy, and free from fraud, surprise or mistake.

Such a petition alleged that *P*, the petitioner, held a second mortgage upon land mortgaged to the respondents, a savings bank, for $6,000; that the bank brought a bill for a foreclosure making *P* one of the respondents; and that it was agreed by parol between *P* and the bank that if the other respondents did not redeem the bank would convey the land to *P*, who should pay up the accrued interest on the $6,000 debt, and that that sum should be allowed to remain on

mortgage; and that after the title became absolute the bank refused to convey unless *P* would pay up all but $4,000 of the mortgage debt. The petition also averred that the value of the land was found in the decree of foreclosure to be $10,000. Held, on demurrer to the petition—

1. That the contract was too uncertain in not fixing any time for which the mortgage was to remain on the property.

2. That as the property was worth only $10,000, the contract was in violation of the statute which requires that the mortgage security taken by savings banks shall be worth double the amount of the loan.

3. That the petition was not good as a petition to open the decree of foreclosure and allow the petitioner to redeem, though asking for that relief, because it contained no averment that the petitioner would have redeemed but for the agreement of the bank, or had tendered the amount of the mortgage debt, or was now ready to pay the debt if the decree was opened.

PETITION in chancery for the specific performance of a contract with regard to real estate; brought to the Superior Court in New Haven County. The respondents demurred to the bill, and the court (*Sanford, J.,*) sustained the demurrer and dismissed the bill. Motion in error by the petitioner. The case is sufficiently stated in the opinion.

*W. W. Stone,* for the plaintiff in error.

*O. S. White,* for the defendants in error.

GRANGER, J. This is a petition in equity, praying for the specific performance of a contract, and also for the opening of a decree of foreclosure.

The contract sought to be enforced is alleged in the petition to be the following:—The petitioner held a second mortgage for $1,000 on property on which the savings bank held a first mortgage of $6,000—the amount of this mortgage debt being alleged to be, with interest, $6,908.83. The savings bank brought a petition to foreclose, making the present petitioner, Mrs. Platt, and the mortgage debtor, parties respondent. Mrs. Platt while the petition for the foreclosure was pending agreed by parol with the bank that it might take a decree of foreclosure, and that if the other respondent did not redeem, the time for redemption should be allowed to expire and the bank should then convey the premises to Mrs. Platt, taking a mortgage from her for the sum of $6,000, which was to

remain on the premises, she paying the balance of the debt above that sum. The petition then alleges that there was no redemption and that the title became absolute in the savings bank, which now refuses to convey the property to her unless she will pay all but $4,000 of the debt due the bank. The value of the property is alleged to be $10,000, as found in the decree of foreclosure. The respondents demur to the petition.

Is this such a contract as a court of chancery will decree to be specifically performed? Petitions of this kind are addressed to the discretion of the court, and will not be granted unless the contract is made according to the requirements of law, and is fair, equitable, reasonable, certain, mutual, on good consideration, consistent with policy, and free from fraud, surprise, or mistake. BUTLER, J., in *Patterson* v. *Bloomer*, 35 Conn., 63.

The contract set forth in the petitioner's bill is neither reasonable, certain, mutual, nor consistent with policy. If it is anything, it is a contract on the part of the bank to loan $6,000 to her and take security on the real estate described, and let the $6,000 remain on mortgage. How long is it to remain? No time is mentioned. How shall the court decree as to the time the loan should remain when the contract is silent on the subject? The court can make no contract for the parties; they must stand or fall upon the contract they have made, and this contract is clearly void for uncertainty in this particular.

But if the time that the loan was to lie had been stated, even then we think the court could not decree specific performance. It appears that the value of the premises was only ten thousand dollars, while the amount agreed to be loaned by the bank and to remain on mortgage indefinitely, was six thousand dollars. Such a contract on the part of the bank would be in clear violation of law and not consistent with the policy of the state relating to savings banks, for it is expressly provided by statute (Gen. Statutes, p. 291, sec. 2,) after specifying what investments savings banks may make, that "all other loans shall be secured by mortgage of unin-

cumbered real estate, in this state, worth double the amount of the loan secured thereon." Upon this ground alone the judgment of the Superior Court in sustaining the demurrer could be vindicated.

The petition prays for a specific performance of the contract by the savings bank, or that the decree of foreclosure be set aside or other proper relief granted. Under this prayer the court could open the foreclosure and allow a further time for redemption, and this point has been pressed in argument. But it does not appear that there has been any injustice done the petitioner, for it is not alleged that she would have redeemed; nor that she made any effort to redeem or that she had ever tendered the amount due the bank; nor is it alleged that she is now able and willing to redeem or would redeem if further time was granted her. The allegation of a desire and intention to redeem, if the decree be opened, is certainly necessary if we regard her as seeking the right to redeem.

We think the claims of the petitioner are not sustained, and that there was no error in the judgment of the Superior Court.

In this opinion the other judges concurred.