ISAAC N. LEWIS vs. MARY W. WOOD.

Suffolk.　January 26, 1891. — February 26, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, & MORTON, JJ.

*Sale of Real Estate — Statute of Frauds — Memorandum — Designation of Purchaser.*

A memorandum of the sale of real estate, which does not contain the name of the purchaser or any designation of him whatever, is insufficient within the statute of frauds (Pub. Sts. c. 78, § 1, cl. 4).

BILL IN EQUITY for the specific performance of an agreement by the defendant to sell an interest in land. Answer, statute of frauds. Hearing before *Holmes*, J., who dismissed the bill, and, at the request of the plaintiff, reported the case for the consideration of the full court, in substance as follows.

The defendant and her sister, Mrs. Hawes, owned an undivided seventh of land in Cambridge. There had been some discussion between Mrs. Hawes, on behalf of herself and the defendant, and one Pratt, who was acting as their agent, touching the sale of their respective interests, and an offer had been communicated to the defendant and to Mrs. Hawes by him. The defendant and Mrs. Hawes decided to sell their interest, and the latter, with the defendant's assent to her telling Pratt, wrote to him the following letter, which was the memorandum relied on, and he gave it to the plaintiff: "E. Weymouth, Mar. 24, 1890. Dear Sir, — My sister and I have decided to accept the offer of $1450 for our interest in the Cambridge property now under discussion. I think, however, I would better see you this evening or next, between six and seven, if convenient. Resp. E. C. Hawes." At the time the letter was written, neither sister knew who the proposed purchaser was.

The judge ruled that the memorandum did not satisfy the statute of frauds, either in respect of its contents or of Mrs. Hawes's authority or otherwise, and ordered the bill to be dismissed. If the ruling was wrong, the case was to stand for further hearing; otherwise, the bill was to be dismissed.

*I. N. Lewis*, pro se.

*A. Hemenway*, for the defendant.

MORTON, J. Without considering all the objections that have been urged against the memorandum, it is sufficient to say that it is fatally defective in not containing the name of the purchaser, or any designation of him whatever. In order to satisfy the statute, the memorandum should not only have been signed by the defendant or her authorized agent, and have identified the property to be sold, but should also have contained the name of the other party to the contract, or should have described him with reasonable certainty. This was not done, and the memorandum is, therefore, insufficient. Browne on St. Frauds, (4th ed.) § 372. Benjamin on Sales, (4th Am. ed.) § 234. *Champion* v. *Plummer*, 1 B. & P. N. C. 252. *Williams* v. *Lake*, 2 El. & El. 349. *Williams* v. *Byrnes*, 1 Moore, P. C. (N. S.) 154. *Vandenbergh* v. *Spooner*, L. R. 1 Ex. 316. *Fessenden* v. *Mussey*, 11 Cush. 127. *Coddington* v. *Goddard*, 16 Gray, 436, 444. *Lincoln* v. *Erie Preserving Co.* 132 Mass. 129. *Grafton* v. *Cummings*, 99 U. S. 100. *Nichols* v. *Johnson*, 10 Conn. 192. *Sherburne* v. *Shaw*, 1 N. H. 157. *McGovern* v. *Hern*, ante, 308. The *ratio decidendi* is that the language of the statute " cannot be satisfied unless the existence of a bargain or contract appear evidenced in writing, and a bargain or contract cannot so appear unless the parties to it are specified, either nominally or by description, or reference." *Williams* v. *Byrnes*, 1 Moore, P. C. (N. S.) 154, 195.

*Decree affirmed.*