BENJAMIN F. HASKELL, and another,

*vs.*

CHARLES C. TUKESBURY.

Cumberland.   Opinion April 5, 1899.

*Stat. of Frauds.   Evidence.   Contract.   Consideration.   R. S., c. 111, § 1,
Par. 2.*

The defendant signed and delivered to plaintiffs' agent a writing, the material
part of which is as follows: "Friend Geo.: Pop Dyer has been up to see me
about a bill that he owes your concern.   If they will give him time I will see
that the bills is paid with interest." *Held;* that the writing is sufficient to
satisfy the Statute of Frauds; that parol evidence is admissible to identify
the parties and the subject matter of the writing and to show that the person
to whom the writing is addressed was the plaintiffs' agent; and that the
forbearance of the plaintiffs, for six months, to sue the bill referred to is a
sufficient consideration for the defendant's promise.

ON REPORT.

This case was certified to the law court under R. S.; c. 77, § 43,
by the justice of the Superior Court, for Cumberland county.   It

was an action of assumpsit, originating in the Municipal Court for the city of Portland, to recover against an alleged guarantor forty-one dollars and fifty cents for clothing sold to F. H. Dyer. The declaration is as follows:

In a plea of the case, for that the plaintiffs sold and delivered certain goods according to the account annexed to one F. H. Dyer, formerly of Portland on or about the twentieth day and eighteenth day of July A. D. 1896; that on or about the seventh day of November A. D. 1896, an effort was made to collect said account whereupon and upon the said seventh day of November the defendant in consideration of forbearance from enforcing the collection of said claim and of giving more time to the said Dyer in which to pay said account, guaranteed to pay said account with interest to the said plaintiffs by a written guaranty delivered to the plaintiffs through their agent, of the following tenor, to wit:

Portland Theatre, Nov. 7–96.

Friend Geo. (meaning George Goold, the agent of the plaintiffs.)

"Pop" Dyer (meaning F. H. Dyer) was up to see me about a bill that he owes your concern (meaning the plaintiffs.)  He is having a "fit."

If they (meaning the plaintiffs) will give him time I will see that the bills is paid with int. (meaning interest.)  Now that McKinley is elected he has got a sure thing and I know it.

Yours,          C. C. Tukesbury.

And the plaintiffs aver that on account of said guaranty they delayed collecting said claim giving said Dyer more time in which to pay the same, but that the said Dyer has never paid said account and that since the giving of said guaranty the said Dyer has left the State and that his whereabouts are unknown to the plaintiffs; that the plaintiffs have notified the said defendant since the giving of the said guaranty of the failure of the said Dyer to pay the said account and of the departure of the said Dyer from the State and have frequently requested the said defendant to pay the said account according to the terms of his said guaranty but he has refused to do so, whereby and in consideration of the facts above

stated at said Portland on the day of the purchase of this writ the said defendant being indebted to the plaintiffs in the sum of forty-three dollars and fifty-seven cents according to the account annexed then and there promised the plaintiffs to pay them said sum on demand.

Portland, Maine, May 27th, 1897.

F. H. Dyer

  To Haskell & Jones,           Dr.

1896.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| July 18. | To one suit, | . | . | . | . | . | . | $35.00 |
| 20. | " two Negl. Shirts, | . | . | : | . | . | | 6.50 |
| | Interest to date, | . | . | . | . | . | | 2.07 |
| | | | | | | | | $43.57 |

Plea, general issue, and brief statement that the statute of frauds is a bar to the action.

*Calvin E. Woodside*, for plaintiffs.

*D. A. Meaher*, for defendant.

Counsel cited: *Williams* v. *Robinson*, 73 Maine, 186; *Stewart* v. *Campbell*, 58 Maine, 439, 444, & 449; *O'Donnell* v. *Leeman*, 43 Maine, 158; *Jenness* v. *Mount Hope Iron Co.*, 53 Maine, 20; 1 Chitty on Contracts, p. 96 and note pages 146 & 147; 1 Greenl. Evidence (14 Ed.) pp. 361 & 354; *Myer* v. *Casey*, 57 Mississippi, 615; 1 Addison on Contracts, (Morgan's Ed.) pp. 309 & 324; *Stone* v. *Symmes*, 18th Pick. 467; *Curtis* v. *Brown*, 5 Cush. 488; *Harrington* v. *Rich*, 6 Vt. 666.

SITTING: EMERY, HASKELL, WHITEHOUSE, STROUT, SAVAGE, FOGLER, JJ.

FOGLER, J. Assumpsit upon a writing signed by the defendant of the following tenor:

        "Portland Theatre, Nov. 7, '96.

Friend Geo.—

"Pop" Dyer was up to see me about a bill that he owes your concern. He is having a "fit." If they will give him time I will

see that the bills is paid with interest. Now that McKinley is elected he has got a sure thing and I know it.

Yours,          C. C. Tukesbury."

The defendant pleads the general issue and by brief statement the statute of frauds. The case comes to this court from the Superior Court of the county of Cumberland on report.

Dyer owed the plaintiff for merchandise described in the writ. After unsuccessful efforts to collect the debt of Dyer, the plaintiffs placed the bill in the hands of George M. Goold, their salesman and agent, for collection. Mr. Goold had a conversation with the defendant in which the defendant said he thought Dyer was all right and would pay the bill if they would give him time. In a subsequent conversation Mr. Goold asked the defendant if he would not fix it so the concern would not sue Dyer. Thereupon the defendant wrote and signed the writing in suit and sent it to Goold who handed it to the plaintiffs' book-keeper. The plaintiffs brought no suit against Dyer and made no further effort to collect of him, and May 27, 1897, Dyer having left town, after demanding payment of the defendant, commenced this suit.

The plaintiffs seek to charge the defendant for the debt of another, and the question is whether the writing declared on is sufficient to satisfy the statute of frauds. Revised Statutes, ch. 111, § 1, p. 2, provides that "no action shall be maintained to charge any person upon any special promise to answer for the debt, default or misdoings of another unless the promise, contract or agreement, on which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith, or by some person thereunto lawfully authorized; but the consideration thereof need not be expressed therein, and may be proved otherwise."

The defendant contends that the action is not maintainable because, as he says, no consideration is expressed in the writing declared upon and no sufficient consideration is proved. The statute does not require that the consideration be expressed in the writing but expressly provides that it "may be proved otherwise."

The consideration may be proved by parol. *Williams* v. *Robin-*

*son*, 73 Maine, 186. The statute of frauds, even before the amendment expressly declaring it unnecessary, did not require the consideration to be recited in the note or memorandum signed by the party to be charged, but it might be proved by parol. *Cummings* v. *Dennett*, 26 Maine, 397; *Gillighan* v. *Boardman*, 29 Maine, 79; *Williams* v. *Robinson*, supra.

A promise to forbear and give further time for the payment of a debt, though no definite time be named, if followed by actual forbearance for a reasonable time, is a valid and sufficient consideration for a promise guaranteeing the payment. *Moore* v. *McKenney*, 83 Maine, 80.

In the case at bar the defendant in writing promised to see the debt of Dyer paid with interest if the plaintiffs would give him time. Hiram L. Jones, one of the plaintiffs, testified, and his testimony is uncontradicted, that on the receipt of the writing declared upon he notified the defendant that the proposition of the defendant was accepted, and it appears that the plaintiffs did actually forbear to enforce payment of the debt from November 7, 1896, to May 27, 1897, when the present suit was commenced. We are of opinion that the plaintiffs agreed to forbear and did forbear suit for a reasonable time, and that a sufficient consideration for the defendant's promise is proved.

The defendant further contends that the writing declared on is not sufficient to satisfy the requirements of the statute inasmuch as the plaintiffs are not named or referred to therein; that the names of the parties are not sufficiently expressed; that the subject matter of the agreement is not sufficiently described; and that parol testimony is not admissible to supply such omissions.

George M. Goold was the agent of the plaintiffs in the transaction under consideration and the fact was known to the defendant. The writing states that Dyer had been to see the defendant about "a bill that he owes your concern"; and states "if *they* will give him time I will see that the bill is paid"; showing that the defendant well understood that he made the proposition contained in the writing, not to Goold individually, nor to an undisclosed principal, but to the plaintiffs, disclosed principals. "Contracts of

guaranty differ from other ordinary simple contracts only in the nature of the evidence required to establish their validity. The statute requires every special promise to answer for the debt, default or miscarriage of another to be in writing subscribed by the party to be charged thereby, and no parol evidence will be allowed as a substitute for these requirements of the statute. But, in other respects, the same rules of construction and evidence apply to contracts of this character which apply to other ordinary contracts." *Union Bank* v. *Coster's Ex'rs,* 3 N. Y. 203. "The statute of frauds does not change the law as to the rights and liabilities of principals and agents, either as between themselves, or as to third persons. The provisions of the statute are complied with if the names of competent contracting parties appear in the writing, and if the party be an agent it is not necessary that the name of the principal shall be disclosed in the writing. Indeed, if a contract, within the provisions of the statute, be made by an agent, whether the agency be disclosed or not, the principal may sue or be sued as in other cases." *Kingsley* v. *Siebrecht,* ante, p. 23. In the case last cited, in which the authorities are exhaustively cited and examined, this court has decided that it is competent to prove by parol that a party named in a writing relied upon to satisfy the requirements of the statute acted as agent of another, and that the principal has the same rights and is under the same liabilities as though he had acted in his own proper person.

The defendant, however, contends that, conceding that the agency may be proved by parol, the name of the agent is not expressed in the writing. The writing signed by the defendant is addressed "Friend George." Is it competent to prove by parol that the person so addressed was George M. Goold, the plaintiffs' agent? We think it is. It is not a case in which no person is named or referred to as a party. The words "Friend George" must be held to intend some person. Parol evidence is always necessary to identify the parties to a contract. Whether a party makes a contract in his own name, or in the name of another, or in a feigned name, are inquiries not different in their nature from the question, who is the person who has just ordered goods from a shop, and this

rule applies in case of a contract of guaranty or other contract within the statute of frauds, as in other ordinary contracts.  *Trueman* v. *Loder*, 11 Ad. & Ell. 589.   In *Salmon Falls Mfg. Co.* v. *Goddard*, 14 Howard, 446, the memorandum was held sufficient though signed by the initials of the parties, it being proved by parol who the parties actually were.   To the same effect is *Sanborn* v. *Flagler*, 9 Allen, 474.   In *Fessenden* v. *Mussey*, 11 Cush. 127, it was decided that the omission of the middle letter of the party's name was not fatal if it should be shown by parol that he was the person intended.   The writing in question in the present suit was written by the defendant at the solicitation of George M. Goold; it was sent to him by the defendant and was received by him; the case shows that Goold was sufficiently intimate with the defendant, that he generally addressed him as "George."   There can be no doubt that when the defendant wrote "Friend George," George M. Goold, the plaintiff's agent was intended.

The same reasoning applies to the proof of the identity of the person referred to as "Pop" Dyer.   The testimony shows that F. H. Dyer, the plaintiffs' debtor, was commonly known as "Pop" Dyer.   It is not claimed that F. H. Dyer is not the person referred to, the contention being that parol evidence is not competent to establish such identity.   This contention is not sustained for the reason and upon the authorities hereinbefore stated.

We are of opinion that the subject matter of the contract is sufficiently expressed in the writing to satisfy the requirements of the statute.   It is therein described as "a bill that he owes your concern."   "The subject matter may in any case be identified by reference to an external standard, and need not be in terms explained.   Thus to describe it as the vendor's right in a particular estate, or as the property which the vendor had at a previous time purchased from another party is sufficient.   And it is very common to identify the debt of a third person for which the defendant has made himself responsible, as the debt then owing, or to become owing, by said third person to the plaintiff, without further description."   Brown on St. of Frauds, § 385.   The rule thus laid down is supported by numerous authorities.   *Williams* v. *Robinson*, 73

Maine, 186, in which the court says, p. 197: "Parol evidence identifying the subject matter of the contract does not destroy the sufficiency of the memorandum, but when the subject matter is thus ascertained, the memorandum may be construed to apply to it."

In 1 Greenl. on Ev. § 286 the learned author says: "As it is a leading rule in regard to written instruments, that they are to be interpreted according to their subject matter, it is obvious that parol or verbal testimony must be resorted to in order to ascertain the nature and qualities of the subject to which the instrument refers. Evidence which is calculated to explain the subject of an instrument is essentially different in its character from evidence of verbal communications respecting it." See further, Id. § 288; *Barry* v. *Coombe*, 1 Pet. 640; *Hurley* v. *Brown*, 98 Mass. 545; *Stoops* v. *Smith*, 100 Mass. 63; *Mead* v. *Parker*, 115 Mass. 413; *Slater* v. *Smith*, 117 Mass. 96; *Giles* v. *Swift*, 170 Mass. 461.

The subject matter of the writing signed by the defendant is referred to as a debt which Dyer owed the plaintiffs. We think it is competent for the plaintiffs to prove by parol the nature and amount of the debt. The testimony shows that the indebtedness was for merchandise sold and delivered and amounted to forty-one dollars and fifty cents. The defendant expressly agreed to pay interest.

Judgment for plaintiffs for $41.50 and interest from Nov. 7, 1896.

*Judgment accordingly.*