Angelo Di Santis *et ux. vs.* Natale Cannata.

MARCH 4, 1919.

Present: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)   Statute of Frauds.   Memorandum.*

A memorandum under the statute of frauds is insufficient in an action against the person to be charged, where it is not signed by the seller and he is not mentioned therein either by name.or by any description by which he can be identified and it refers to no other writing by which he can be identified.

(*2*)   *Statute of Frauds.   Memorandum.*

Where the memorandum under the statute of frauds does not mention the name of the vendor and there is no description of him therein, oral testimony to show who he is, is inadmissible.

Where there was nothing in the memorandum by way of description of the vendor, nor any reference to any check or checks to be given in payment or to any other paper or document, parol testimony was inadmissible to show that the payee of two checks accepted as payments under the memorandum was the vendor, so that the checks and memorandum could be read together as comprising the memorandum required by the statute of frauds.

(*3*)   *Statute of Frauds.   Memorandum.*

Where husband and wife, owners of the property in question declared upon an agreement for the purchase of the same, checks payable to the husband and claimed by him to have been given as payments under a memorandum of sale without any evidence that he was the "lawfully authorized" agent of his wife to make sale of her property, fail to show that the husband and wife were the vendors of the property, even were parol evidence admissible in the condition of the memorandum for the purpose of identifying the vendors.

ASSUMPSIT.   Heard on exceptions of plaintiff and over-ruled.

PARKHURST, C. J.   This is an action of assumpsit brought by Angelo Di Santis and his wife Maria Di Santis against the defendant, setting up in substance that the plaintiffs bargained and agreed to sell and that the defendant bought of them a certain lot of land with improvements under an agreement referred to in the declaration (a paper, purporting to be a copy being annexed to the declaration); and alleging that the defendant refused to carry out the terms of the sale, and that the plaintiffs thereafter sold the property at a loss of upwards of $700; and plaintiffs seek to recover this loss.   The defendant pleaded the general issue; also a special plea which need not be noticed here. The case was tried before a justice of the Superior Court and a jury, and after the plaintiffs had put in certain testimony including the alleged agreement for sale and purchase, the plaintiffs were nonsuited by the trial judge, on the ground that the paper produced in evidence was not a valid agree-

ment or note or memorandum thereof under the Statute of Frauds, whereby the defendant could be charged. Thereupon plaintiffs took exception to this ruling and in due time prosecuted this exception to this court, and the case is now before us on this exception.

At the trial the plaintiff Angelo Di Santis, who was the only witness examined, testified that the property belonged to himself and his wife Maria Di Santis; but it nowhere appears that Maria Di Santis authorized her husband to sell her interest in the property or to make any agreement on her behalf. As a part of the plaintiffs' evidence a paper was put in (over defendant's objection) of which the following is an exact copy, viz.:

"Providence R. I

May 4, 1916

Recd, from Mr Natale Cannata $25,$^{00}$ in cash. and 75,$^{00}$ dollar to be paid befor May 18 for the sale of House of 128 Sutton St which he paid $4,3$^{00}$ dollar forty three Hunder. and said sum of $4,3$^{00}$ forty three Hunder dollar to be paid June 1 first 1916.

Wittmess Chas F. Mauro

Natale Cannata "

The admission of this paper in evidence was excepted to by defendant.

The Statute of Frauds of Rhode Island, applicable here is found in Gen. Laws of R. I. (1909), Chap. 283, Sec. 6, and reads as follows: "Sec. 6. No action shall be brought:— *First.* Whereby to charge any person upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer time than one year" . . . Unless the promise or agreement upon which such action shall be brought, or some note or memorandum thereof, shall be in writing, and signed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized."

At the trial also the plaintiff, Di Santis, was allowed to put in evidence without objection a check for $25. of which the following is a copy, viz.:

"Providence, R. I.      May 4      1916      No. 91

COLUMBUS EXCHANGE BANK   57–40
of Providence, R. I.

Pay to the order of

Angelo De Santi           $ 25 $\frac{00}{100}$

Twenty Five           $\frac{00}{100}$ Dollars

Natale Cannata"

and testified that this check was duly paid and he (Angelo Di Santis) got the money, and he was also permitted to testify without objection that this payment was on account of the purchase price of the property and should be credited to the defendant.

Plaintiff, Di Santis, was also permitted to put in evidence without objection a check of which the following is a copy, viz.:

"Providence, R. I.      May 18      1916      No. 92

COLUMBUS EXCHANGE BANK   57–40
of Providence, R. I.

Pay to the order of

Angelo De Santi           $ 75 $\frac{00}{100}$

Seventy five           $\frac{00}{100}$   Dollars

Natale Cannata"

and testified that this check was stopped, and he never got the $75.

It further appeared that the defendant never paid the balance of the sum of $4,300 and refused to take a deed of the property, and that the same was later sold to another person at private sale for the sum of $3,537.50.

(1)  With regard to the so-called "promise or agreement," or "note" or "memorandum" above set forth, and upon which by their declaration the plaintiffs seek to maintain this suit, aside from numerous informalities apparent upon its face, the principal defect to be noted is that it is not signed by the plaintiffs; they are not mentioned in it either by name, or by any description by which they may be identified, and it refers to no other writing by which they may be ascertained.

It has been settled by numerous authorities that such a memorandum is not sufficient under the Statute of Frauds. Thus in Benjamin on Sales (5th Ed.) p. 248, it is said: "The cases will now be considered with reference to the inquiry whether and to what extent, it is necessary that the writing should show:—

1.  The names of the parties to the sale;

2.  The terms and subject-matter of the contract.

On the first point, it is settled to be indispensable that the written memorandum should show not only who is the person to be charged, but also who is the party in whose favour he is charged. The name of the party to be charged is required to be signed, so that there can be no question of the necessity of his name in the writing. But the authorities have equally established that the name or a sufficient description of the other party is indispensable, because without it no contract is shown, inasmuch as a stipulation or promise by A. does not bind him, save to the person to whom the promise was made." And numerous cases are cited to support the text. See also 29 Am. & Eng. Enc. of Law, p. 848. In *Lewis* v. *Wood*, 153 Mass. 321, the memorandum of sale was as follows:

"E. Weymouth, Mar. 24, 1890.

Dear Sir,—

My sister and I have decided to accept the offer of $1,450 for our interest in the Cambridge property now under discussion. I think, however, I would better see you this evening or next, between six and seven, if convenient.

Resp.

E. C. Hawes."

The court held: "Without considering all the objections that have been urged against the memorandum, it is sufficient to say that it is fatally defective in not containing the name of the purchaser, or any designation of him whatever. In order to satisfy the statute, the memorandum should not only have been signed by the defendant or her authorized agent, and have identified the property to be sold, but should also have contained the name of the other party to the contract, or should have described him with reasonable certainty. This was not done, and the memorandum is, therefore, insufficient." (Citing numerous cases.) See also, *Grafton* v. *Cummings*, 99 U. S. 100; *Peoria Grape Sugar Co.* v. *Babcock Co.*, 67 Fed. 892; *McGovern* v. *Hern*, 153 Mass. 308; *Lincoln* v. *Erie Preserving Co.*, 132 Mass. 129; *Nichols* v. *Johnson*, 10 Conn. 192; *Sherburne* v. *Shaw*, 1 N. H. 157; Browne, Stat. of Frauds (4th Ed.) Sec. 372.

The plaintiffs' counsel contends that inasmuch as he has produced in evidence the two checks above set forth, signed by Natale Cannata and payable to the order of "Angelo De Santi" and has shown that one of those checks was paid at the bank to the plaintiff Angelo Di Santis and was accepted as first payment under the memorandum, and that the other was intended to be accepted in payment of the second installment due under the memorandum, these checks sufficiently identify the plaintiffs as the parties selling to the defendant, so as to make admissible both the checks and the oral testimony of the plaintiff in regard to them, and so that the checks and the memorandum should be read

together; and further contends that, if so read together the memorandum thereby becomes sufficient under the Statute of Frauds.

We find no authorities cited upon either brief which sustain this contention. It is implied, if not plainly stated, in the authorities above cited that where the memorandum does not mention the names of the vendors, and there is no (2) description of them in the memorandum, oral testimony to show who they are is inadmissible; and that, only where the vendors are not stated by name, but are referred to by some form of description, is oral testimony admissible to apply the description. There is nothing in the memorandum by way of description of the vendors, nor is there any reference to a check or checks to be given in payment or to any other paper or document. It may be noted also that the plaintiffs declare upon an agreement between Angelo Di Santis and Maria Di Santis his wife, both shown to be owners of the property; so that, if we give to the checks all the probative value that could be claimed for them, they fail to show that Angelo Di Santis and wife were the vendors, and there is no evidence that Angelo Di Santis was the "lawfully authorized" agent of his wife to make sale of her property; in short all the evidence admitted by the court, giving it the highest value which can be claimed for it, falls (3) short of establishing any such memorandum in writing as to satisfy the requirements of the Statute of Frauds, or to show any such contract between the parties to this suit.

In Benjamin on Sales (5th Ed.) p. 249, we find this language: "But although the authorities are consistent in requiring that the memorandum should show who are the parties to the contract, it suffices if this appear by description. If one party is not designated at all, plainly the whole contract is not in writing, for 'it takes two to make a bargain.' In such a case the common law would permit parol testimony to show who the other is, but this is forbidden by the Statute of Frauds (and by the Code). But if the writing shows by description with whom the contract was

made, then the Statute is satisfied, and parol evidence. is admissible to *apply the description:* that is, not to show with whom the bargain is made, but who is the person described, so as to enable the Court to understand the description. This is no infringement of the Statute, for in all cases where written evidence is required by law there must be parol evidence to apply the document to the subject-matter in controversy."

Plaintiffs have cited but few cases, and we are of the opinion that none of them is in point in sustaining the plaintiffs' contention. In *Lerned* v. *Wannemacher*, 9 Allen, 412, we have a case of purchase and sale of personal property (coal) where there were two memorandums, one of which was signed by one party, the other by the other; and the case turned upon the question whether the two papers could be read together; it was found that the two papers were substantially identical in delivery, in date and in substance and that they should be read together, and that the parties were properly shown by name in the papers. There was strong internal evidence that the two memorandums related to the same transaction, and such evidence was competent for the consideration of a jury. (p. 417). In *Jenkins* v. *Harrison*, 66 Ala. 345, both the memorandum of sale, and certain deeds offered in evidence together with the memorandum were signed by both vendors and purchasers, and the question in the case did not relate to the want of proper parties to the written memorandum, but whether the terms and conditions of the sale could be shown to be of such certainty and definiteness as to warrant specific performance; and the gist of the decision is that, although the preliminary memorandum of sale was not sufficiently certain in its terms to satisfy the requirements of the statute (p. 355), yet the deeds which were subsequently executed by both parties to carry out the sale, although never delivered were sufficient evidence of a contract in writing for the purchase and sale of land to satisfy the Statute of Frauds. In *Forst* v. *Leonard*, 112 Ala. 296, there was a suit on a bond

given to secure performance of a building contract; the building contract required a bond, and the bond referred to the contract; on p. 303 the court in sustaining the admissibility of parol evidence says: "Its only necessary office in the case is the identification of a contract shown by the bond itself to have been entered into between named parties for a certain purpose, and to be an existing undertaking." In *Lee* v. *Butler*, 167 Mass. 426, *Nickerson* v. *Weld*, 204 Mass. 346, and *Oliver* v. *Hunting*, 44 Ch. D. 205, also cited by plaintiffs, there was no doubt or difficulty about ascertaining the parties on both sides from clear written evidence; the facts were so different and so numerous that we do not find it useful to review these cases; most of the cases cited by plaintiffs relate to difficulties about the terms and conditions of sale or the description of the property, rather than to parties. We have found no case decided in Rhode Island which touches the point here in controversy.

On the whole case, we are of the opinion that the trial judge of the Superior Court committed no error in ordering a nonsuit. The plaintiffs' exception is overruled and the case is remitted to the Superior Court sitting in Providence County with direction to enter its judgment of nonsuit in accordance with the ruling of the trial court.

*Flynn & Mahoney, Howard B. Gorham*, for plaintiff.
*Benjamin W. Grim*, for defendant.