ROBERT SHOAG *vs.* LOUIS SHEFTEL.

Third Judicial District, New Haven, June Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A memorandum of sale of real estate which fails to name or describe the purchaser of the property does not meet the requirements of the statute of frauds, and therefore cannot lay a foundation for an action for the specific performance of the contract.

In the present case the memorandum was as follows: "Received on land and buildings located on Court Street, number 66, the sum of $100 the sum is $4500. Fifteen hundred dollars first mortgage; $1500 second mortgage to be held by owner for the time of five years. Balance of $1400, by first of December 1921. R. Shoag. Louis Sheftel. Meyer Cheiken." *Held* that it was impossible to determine from the memorandum not only who the buyer was, but also

who was to take the first mortgage, for what time it was to run, or when the conveyance of the property was to be made.

Argued June 15th—decided July 27th, 1923.

SUIT for the specific performance of an alleged contract to sell and convey certain real estate, and for damages, brought to and tried by the City Court of Meriden, *Dunne, J.*, upon a demurrer to the complaint based upon the insufficiency of the contract or memorandum under the statute of frauds; the court sustained the demurrer and rendered judgment for the defendant, from which the plaintiff appealed. *No error.*

*Lewis J. Somers,* for the appellant (plaintiff).

*Cornelius J. Danaher,* for the appellee (defendant).

WHEELER, C. J.   The agreement whose specific performance is sought, is contained in the written memorandum made a part of the complaint, and is as follows:—

"Received on land and buildings located on Court Street, number 66, the sum of $100    the sum is $4500.   Fifteen hundred dollars first mortgage; $1500 second mortgage to be held by owner for the time of five years.   Balance of $1400 by first of December, 1921. R. Shoag.   Louis Sheftel.   Meyer Cheiken."

We cannot enforce the specific performance of a written memorandum of agreement whose terms are indefinite and defective.   "It is incumbent on a plaintiff, seeking specific performance of an agreement, to state its terms and to prove them as stated." *Patterson* v. *Farmington Street Ry. Co.,* 76 Conn. 628, 641, 57 Atl. 853.   The memorandum before us is defective in failing to state one of its necessary essentials—the person to whom the land and buildings were sold.   It is said that the name of the purchaser is at the foot of the instru-

ment; three names there appear, but nowhere is it stated that either was the purchaser. So far as appears all of the signers were the sellers. This memorandum must be tested by our general rule: "The note or memorandum of sale, required by the statute, must state the contract with such certainty, that its essentials can be known from the memorandum itself, without the aid of parol proof, or by a reference contained therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement." *Nichols* v. *Johnson*, 10 Conn. 192, 198; *Gendelman* v. *Mongillo*, 96 Conn. 541, 543, 114 Atl. 914. In *Garber* v. *Goldstein*, 92 Conn. 226, 229, 102 Atl. 605, we said of an agreement of lease: "Exhibit A, which admittedly evidenced the agreement, was a sufficient memorandum to take the case out of the statute of frauds, since it described the store to be leased with reasonable certainty, gave the term of the lease, the rent to be paid, the names of lessor and lessee, and was duly signed by the lessee, the present defendant." *Grafton* v. *Cummings*, 99 U. S. 100, 106, in an opinion by Mr. Justice Miller, says: "The statute not only requires that the agreement on which the action is brought, or some memorandum thereof, shall be signed by the party to be charged, but that the agreement or memorandum shall be in writing. In an agreement of sale there can be no contract without both a vendor and a vendee. There can be no purchase without a seller. . . . There can be no bargain without two parties. There can be no valid agreement in writing without these parties are named in such manner that some one whom he can reach is known to the other to be bound also. . . . The name of that vendor, or some designation of him which could be recognized without parol proof extraneous to the instrument, was an essen-

tial part of that instrument to its validity." In *Williams*
v. *Morris,* 95 U. S. 444, 456, the same court in an earlier
opinion expressly denied the right to supply the de-
fective term of a writing by parol proof, saying: "Unless
the essential terms of the sale can be ascertained from
the writing itself, or by reference in it to something
else, the writing is not a compliance with the statute;
and, if the agreement be thus defective, it cannot be
supplied by parol proof, for that would at once intro-
duce all the mischiefs which the statute was intended
to prevent." *Mentz* v. *Newwitter,* 122 N. Y. 491, 25
N. E. 1044; *Brown* v. *Whipple,* 58 N. H. 229; *Mertz*
v. *Hubbard,* 75 Kan. 1, 2, 88 Pac. 529; *Champion* v.
*Plummer,* 1 B. & P., N. R. (Day's Ed.) 252; 2 Page on
Contracts, § 1338.

The name of the purchaser cannot be helped out by
the doctrine of identification, since there is no sugges-
tion in the contract of the person to whom the property
has been sold. There is no purchaser named, and no
description of a purchaser by which an identification
could be made. The general rule is that "the memo-
randum should not only have been signed by the defend-
ant or her authorized agent, and have identified the
property to be sold, but should also have contained the
name of the other party to the contract, or should have
described him with reasonable certainty." *Lewis* v.
*Wood,* 153 Mass. 321, 322, 26 N. E. 862; *Santis* v.
*Cannata,* 42 R. I. 118, 123, 105 Atl. 561; Benjamin on
Sales (5th Ed.) 248; 2 Page on Contracts, § 1410. Some
of the courts, in applying this doctrine of identification
in ascertaining the parties, have identified "him,"
"you," and "Friend George" in the memorandum.
*Haskell* v. *Tukesbury,* 92 Me. 551, 43 Atl. 500; *Kinney*
v. *Flynn,* 2 R. I. 319; 4 Page on Contracts, § 2188;
in these cases, which go to the extreme, there was some
person to identify; here there is no one.

The terms of the memorandum are further defectively stated, since the memorandum does not disclose who is to take the first mortgage or for what period of time it is to run, or when the conveyance is to be made. *Gendelman* v. *Mongillo,* 96 Conn. 541, 545, 114 Atl. 914; *Platt* v. *Stonington Savings Bank,* 46 Conn. 476, 478.

There is no error.

In this opinion the other judges concurred.