MARY A. SULLIVAN *vs.* MARGARET LADDEN ET AL.

Third Judicial District, New Haven, June Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, JS.

A written agreement for the sale of land, which provides for a purchase-money mortgage but which, as in the present case, fails to specify how long the mortgage is to run, does not satisfy the requirements of the statute of frauds. Nor is the omission cured by § 4365 of the General Statutes, which is strictly limited to the construction of negotiable instruments in which no time for payment is expressed.

Argued June 5th—decided June 30th, 1924.

ACTION for the specific performance of an alleged contract to sell real estate, and for damages, brought to the Superior Court in New Haven County where a demurrer to the complaint, for the insufficiency of the memorandum relied upon to comply with the statute of frauds, was sustained (*Banks, J.*) and judgment

rendered for the defendants, from which the plaintiff appealed. *No error.*

*Vincent A. Scully,* for the appellant (plaintiff).

*William W. Gager,* for the appellees (defendants).

CURTIS, J. The written agreement to sell land upon which this suit is based is in the following terms: "This agreement, made by and between William and Margaret Ladden of the town of Waterbury, County of New Haven and State of Connecticut, acting herein by his duly authorized agent, D. T. Farrington & Sons of Waterbury, party of the first part, and Mary A. Sullivan, of said Waterbury, party of the second part, Witnesseth: The party of the first part agrees to sell and convey by warranty deed, containing the usual covenants, and the party of the second part agrees to purchase for the sum of $14,700, the premises known as No's 210–212 Woodlawn Terrace, in the city of Waterbury, county of New Haven, and State of Connecticut, described as follows: All land and buildings owned by said William and Margaret Ladden at 210–212 Woodlawn Terrace, in said Waterbury. Receipt of one hundred dollars is hereby acknowledged as part payment of the purchase price, and it is hereby agreed that said amount shall be applied on the commission of said agent as liquidated damages, unless the transaction is completed on or before 15 days from the date herewith, as follows: By cash, including deposit . . . $3,500. By assumption of first mortgage . . . $6,-000. By assumption of second mortgage . . . $4,500. Mortgage for balance on said premises payable as follows . . . $———."

The defendants demurred to the complaint, and the exhibit setting forth the terms of the contract, for the reason alleged as follows: "The defendants in the

above entitled action demur to the complaint therein for the reason that the contract set forth therein is a contract for the sale of real estate, and the only agreement thereof, which agreement has been filed as Exhibit A, is insufficient to comply with the requirements of the statute of frauds inasmuch as the same fails to set forth the terms under which the purchase price was to be paid."

The case turns upon the question whether or not the agreement is sufficiently certain to be enforced in stating that a mortgage for the balance of the purchase price, to wit $700, is to be given "on said premises payable as follows."

We have uniformly held that where a written agreement for the sale of land provides that a portion of the purchase price shall be secured by a mortgage, the agreement must fix the time the mortgage is to run, in order to satisfy the requirements of the statute of frauds. *Platt* v. *Stonington Savings Bank,* 46 Conn. 476; *Gendelman* v. *Mongillo,* 96 Conn. 541, 114 Atl. 914; *Shoag* v. *Sheftel,* 99 Conn. 541, 121 Atl. 799; *Griffin* v. *Smith, post,* p. 219, 125 Atl. 465.   A like rule prevails in other jurisdictions.   25 R. C. L. p. 647.

The plaintiff urges that General Statutes, § 4365, which provides for the construction of a negotiable instrument when no time for payment is expressed in the instrument, should be applied to a written agreement for the sale of land or a memorandum thereof.   It is sufficient to say that we are dealing in the instant case with the degree of certainty required in such an agreement or memorandum in order to satisfy the terms of the statute of frauds and not with the construction of a negotiable instrument.

There is no error.

In this opinion the other judges concurred.