Miller *v.* Vordenbaum.

---

LOUIS MILLER *vs.* JOHN VORDENBAUM ET ALS.

Third Judicial District, New Haven, January Term, 1927.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

The note or memorandum of sale required by the statute of frauds must state the contract with such certainty that its essentials can be known from the memorandum itself without the aid of parol proof, or by a reference contained therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it, and the parties to it, so as to furnish evidence of a complete agreement.

A written agreement for the sale of real estate which described the consideration to be, in part, the assumption of two mortgages, the amounts of which were not stated, and a "mortgage back on said premises for forty-four hundred dollars, said last mortgage to be at six per cent with principal payable as follows: when building is put up," did not satisfy the requirements of the statute of frauds, since the description of the third mortgage was not sufficient to give reasonable notice of the terms and time of payment to subsequent purchasers or incumbrancers. Nor was the omission cured by § 4365 of the General Statutes, which is strictly limited to the construction of negotiable instruments in which no time for payment is expressed.

Argued January 25th—decided March 2d, 1927.

ACTION to recover damages for breach of a contract for the sale of real estate, brought to the Superior

Court in New Haven County, where a demurrer to
the complaint was sustained (*Ells, J.*) and upon the
plaintiff's failure to plead over, judgment was rendered
for the defendants (*Wolfe, J.*) from which the plaintiff
appealed. *No error.*

*Louis Feinmark,* with whom was *Nathan Reback,*
for the appellant (plaintiff).

*Charles S. Hamilton,* for the appellees (defendants).

HAINES, J. The only question presented by this
appeal relates to the sufficiency of a certain written
contract to satisfy our statute of frauds. The com-
plaint sets up that the parties executed this contract
for the sale of certain property in New Haven known
as No. 257 Winchester Avenue and gives the terms of
the contract and recites the claimed breach thereof by
the defendants. No fair question can be raised but
that the contract states the terms of the sale with
sufficient exactness to satisfy the requirements of the
statute, except in one particular. A part of the state-
ment of the consideration is as follows: "By assump-
tion of a first mortgage . . . dollars. By assumption
of second mortgage . . . dollars. . . . By giving mort-
gage back on said premises forty-four hundred dollars.
Said last mortgage is to be at six per cent with the
principal payable as follows: When building is put
up." It is provided that the transaction shall be
completed and the balance of the purchase price paid
in the above manner on or before fourteen days from
the date of the contract.

A demurrer to the complaint was interposed, the
court sustained it, and, after the plaintiff had failed to
plead over, judgment was rendered for the defendants
and plaintiff appealed. Among other grounds, the

demurrer alleged that the amount of neither the first nor the second mortgage referred to, is given, nor the date when payable, the person to whom payable, the terms of payment or the rate of interest; that the time of payment of the mortgage of $4,400 stipulated for, not being otherwise stated than "when building is up," is too vague and uncertain for enforcement, in that the building is in no way described nor any means given to determine when it is to be erected.

The relevant portions of our statute of frauds read as follows: "No civil action shall be maintained . . . upon any agreement for the sale of real estate, or any interest in or concerning it, . . . unless such agreement, or some memorandum thereof, be made in writing, and signed by the party to be charged therewith, or his agent." General Statutes, § 6130.

Questions as to the sufficiency of writings between the parties to meet the legal requirements of this statute have often been before this court, and we have uniformly tested the writing by the general rule, now well established, that " 'the note or memorandum of sale, required by the statute, must state the contract with such certainty, that its essentials can be known from the memorandum itself, without the aid of parol proof, or by a reference contained therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement.' " *Gendelman* v. *Mongillo,* 96 Conn. 541, 543, 114 Atl. 914; *Handy* v. *Barclay,* 98 Conn. 290, 295, 119 Atl. 227; *Shoag* v. *Sheftel,* 99 Conn. 541, 543, 121 Atl. 799; *Shelinsky* v. *Foster,* 87 Conn. 90, 97, 87 Atl. 35; *Nichols* v. *Johnson,* 10 Conn. 192, 198.

The appellant concedes that the description of the mortgage should "give reasonable notice of the terms

of payment and the time thereof to subsequent incumbrancers," but contends that this requirement is met by the provisions of the contract above quoted.

As matter of fact, it does not. appear where the building is to be erected. If we were permitted to assume that the parties agreed that a certain building was to be erected on this particular property, it still does not appear what manner of building had been agreed upon, or which of the parties was to erect it; nor does it appear whether it was to be erected forthwith or within an agreed time, or at the pleasure of the builder. There was obviously a further agreement of the parties regarding this building, but no inkling is given of the terms of that other agreement. A subsequent purchaser would be quite unable to learn from this writing or "by reference contained therein to some other writing or thing certain," when the mortgage would become payable.

To the suggestion that the mortgagee might be held up indefinitely by a failure to erect the building, the appellant says the law will "presume that said mortgage became due within a reasonable time, provided the plaintiff failed to build."

We recently said in a case where a similar contention was made: "The plaintiff urges that General Statutes, § 4365, which provides for the construction of a negotiable instrument, . . . should be applied to a written agreement for a sale of land or a memorandum thereof. It is sufficient to say that we are dealing in the instant case with the degree of certainty required in such an agreement or memorandum in order to satisfy the terms of the statute of frauds and not with the construction of a negotiable instrument." *Sullivan* v. *Ladden,* 101 Conn. 166, 168, 125 Atl. 250; *Shoag* v. *Sheftel,* 99 Conn. 541, 543, 121 Atl. 799; *Gendelman* v. *Mongillo,* 96 Conn. 541, 543, 114 Atl. 914. We also said

in the case first above cited: "We have uniformly held that where a written agreement for the sale of land provides that a portion of the purchase price shall be secured by a mortgage, the agreement must fix the time the mortgage is to run, in order to satisfy the requirements of the statute of frauds."

The writing is clearly insufficient to satisfy the statute of frauds in the particulars we have discussed. The view taken by the trial court upon demurrer was correct. Since this of necessity concludes the rights of the parties, the judgment is affirmed and it becomes unnecessary to consider other grounds of demurrer.

There is no error.

In this opinion the other judges concurred.