No. 937 Southern Norfolk, ss.

THE GOULSTON CO. INC. (Nayor & Nayor)
v. SWARTZ · (A. Zintz)

From the Municipal Court of Brookline—Frost, J.

Argued July 17, 1941—Opinion Filed September 3, 1941

BRIGGS, J. (Sanborn, P.J., & Rowe, J.)—This is an action of contract. The declaration is in three counts, but only the third is in issue here. This count alleges that the defendant guaranteed in writing the account of the Milford Drive-In Theater Corp. of Connecticut with the plaintiff company, and as a result thereof the defendant owes the plaintiff company for advertising services rendered and disbursements made for the aforesaid corporation, the same not having been paid after due demand upon the corporation and upon the defendant.

At the close of the trial both the plaintiff and the defendant presented numerous requests for rulings which were duly acted upon by the court. It seems unnecessary to set them forth in detail since the issues raised here are fully presented in the "Findings of Fact" made by the court. These findings were as follows:

"The defendant, as manager of the Milford Drive-In Theater Corporation of Connecticut, engaged the services of the plaintiff in advertising the theater. At the request of the plaintiff the defendant orally agreed as an individual that he would pay for said advertising in weekly payments if the theater corporation failed to do so. The theater corporation, however, was not released by the plaintiff from its obligation to pay for said advertising, bills were regularly sent to the theater corporation but none to the defendant, and payments were made by the theater corporation from time to time. *Collins* v. *Abrams*, 276 Mass. 106.

"Therefore, the contract was within the Statute of Frauds as a contract to pay for a debt or default of another. I find, however, that the writing signed by the defendant and marked Exhibit No. 1, is not a sufficient memorandum of said contract within the Statute of Frauds. It does not state what kind of a contract it was; *i.e.*, to pay the debt or default of another; and it does not sufficiently of itself identify the terms of the con-

tract or the party for whose debt or default the defendant agreed to pay. At the time of the signing, the words at the top of the paper 'Milford Drive-In Theater' were not on the paper.

"I find for the defendant solely on the ground that the memorandum is not a sufficient one within the statute."

It is the contention of the appellant here that

(1) The written instrument in question is a sufficient memorandum or note of the agreement of guaranty to satisfy the requirement of G. L., c. 259, s. 1.

(2) That the defendant, in view of the evidence found to be a matter of fact by the trial court, is estopped to deny the sufficiency of said instrument as to the requirements of G. L., c. 259, s. 1.

As to the first issue, a memorandum, in order to make enforceable a contract within the statute, may be any document or writing, formal or informal, signed by the party to be charged, which states with reasonable certainty (a) each party to the contract, either by his own name or by such description as will identify him (b) the subject matter to which the memorandum relates, and (c) the terms and conditions of the promises constituting the contract and by whom and to whom made.

The degree of particularity with which the terms of the contract must be set out cannot be reduced to an exact formula. Restatement of the Law (Contracts), s. 207; *Salmon Falls Mfg. Co.* v. *Goddard*, 14 How. 446; *Lewis* v. *Wood*, 153 Mass. 321.

Applying this doctrine to the facts of this case, it could have been found by the trial court that the writing was signed by the party to be charged. It might have been found that by "Mr. Goulston" (the other name appearing on the writing) the parties referred to an officer of the plaintiff corporation of that name, but affecting the claim of the plaintiff vitally is the absence of any word or words relating to the guaranty of the debt or default of another. It fails to name any party for whose default the signor agreed to pay.

It fails further to set forth any terms and conditions upon which the alleged promise is based and does not set forth, in any way, the subject matter to which it is alleged by parol to relate. The agreement can in no way be identified from the writing when applied to existing facts.

While the memorandum need not, and did not here, constitute a contract, there must be a valid oral contract of which the memorandum is an accurate statement, and it is well settled that it must be complete in itself. It cannot be eked out by parol evidence. *Lee* v. *Butler*, 167 Mass. 426; *New England etc.* v. *Standard Worsted Co.* 165 Mass. 328; Williston on Contracts, vol. 2, s. 567.

The evidence disclosed by the report fails to establish an estoppel of the defendant to deny the sufficiency of the instrument to satisfy the Statute of Frauds. There is no such evi-

dence of fraud here as would warrant it. A mere refusal to perform an oral agreement within the statute is not such fraud as will justify a court in disregarding the statute.

No error is disclosed, and the entry will be: Report dismissed.