JOSEPH J. MITCHELL v. THE A & B COAL CO., INC.

SUPERIOR COURT         HARTFORD COUNTY         FILE No. 77466

Memorandum filed December 30, 1946.

*Moses A. Berman, Abraham Friedman,* and *Samuel H. Freidman,* of Hartford, for the Plaintiffs.

*Beizer & Beizer,* of Hartford, for the Defendant.

INGLIS, J. The amended complaint in this action does not materially alter the statement of the plaintiffs' cause of action as that was set up in the original complaint, a demurrer to which was sustained by memorandum filed November 12, 1946. It still sets forth as the only claimed written memorandum of the agreement to sell real estate a document signed by the defendant authorizing a firm of brokers to sell the specific real estate for a specified price, and a check for $500, signed by one of the plaintiffs, payable to the order of the brokers, with words: "Deposit on 608 Tolland St. property, Full price $18000" written on the back of it.

The new contention of the plaintiff is that when both of these documents are read together they make out a written agreement for sale, or, to put the same thing in another way,

it is claimed that the agency agreement is a written offer on the part of the property owner to sell to whomsoever the brokers select, and the written check is the acceptance of that offer by the plaintiffs which completes the contract.

There is considerable doubt that there is enough in these two documents to tie them together as relating to the same transaction, because there is no reference in either to the other. Restatement, 1 Contracts, § 208. But assuming that they can be read together, still neither one of them specifies who the purchaser is. Obviously, the agency contract does not, and, although the check bears the signature of one of the persons who claims to be the purchaser, it does not state that she is the purchaser. So far as the writing on the check is concerned, all that is indicated is that the check is being given as a deposit on the property. So far as appears, the plaintiff might be giving the check for the benefit of some other person or as a loan to some other person who was the purchaser. Also the two documents taken together do not definitely state that there has been a sale. The fact that the check was given as a "deposit on 608 Tolland Street property" might as well mean that the maker of the check or some other person was taking an option to purchase which later expired, as that he was agreeing to purchase. In other words, the two documents would have to be supplemented by parol evidence to make out a definite memorandum of sale. That being the case, they do not constitute a sufficient memorandum in writing to satisfy the Statute of Frauds. *Shoag* v. *Sheftel*, 99 Conn. 541, 543.

For the foregoing reasons and for the reasons set forth in the memorandum on the earlier demurrer, this demurrer is sustained.