### B. P. ELLIOTT v. RICHARD OWEN.

(Filed 31 October, 1956.)

**1. Frauds, Statute of, § 3—**

The burden is on the party declaring on a contract required by the Statute of Frauds to be in writing to show that the memorandum of the contract was executed in compliance with the Statute.

**2. Frauds, Statute of, § 2—**

Where the memorandum of a contract to convey realty fails to identify the buyer in any manner, the memorandum is insufficient under the Statute of Frauds, and the identity of the buyer may not be shown by parol.

JOHNSON, J., not sitting.

APPEAL by defendant from *Seawell, J.*, April Term 1956 of GRANVILLE. Civil action for specific performance of a written memorandum.

The written memorandum upon which this suit is based is as follows:

> "Richard Owen
>   405 Hillsboro St.
>   Oxford, N. C.
>     Joining on East by standard oil on West By
>   J. W. Jenkins.   Contains_____feet.
>         Want possession 1 Year
>
>                              5629
>       8-31. 53
>   Rec. 20.00 in cash on House and Lot.   Balance
>   $4,980.00.
>       Signed      -          Richard Owen."

The jury answered the issues submitted to them in plaintiff's favor.

From a judgment decreeing that the defendant execute and deliver to plaintiff a deed conveying the land mentioned in the written memorandum upon payment to him of $4,980.00, or if he refuses to do so, that a commissioner named in the judgment should execute and deliver such a deed, the defendant appeals to this Court.

*Royster & Royster for Plaintiff, Appellee.*
*C. J. Gates and M. E. Johnson for Defendant, Appellant.*

PARKER, J.   This is a suit to enforce specific performance of a written memorandum allegedly given for the sale of a house and lot.   The burden was on the plaintiff to show that the memorandum was executed in compliance with the Statute of Frauds.

The written memorandum does not even indicate the name of a vendee.   The courts have held with great uniformity that the substantive parts of the contract or memorandum for the sale of property, to be sufficient to satisfy the Statute of Frauds, must appear in the writing; therefore, the name, or a sufficient description of the party seeking enforcement of the contract or memorandum, is indispensable, because without it no complete contract is shown.   The authorities are clear that such a contract or memorandum is fatally defective, unless the buyer or vendee is therein identified.   *Grafton v. Cummings,* 99 U.S. 100, 25 L. Ed. 366; *Lewis v. Wood,* 153 Mass. 321, 26 N.E. 862, 11 L.R.A. 143; *Kamens v. Anderson,* 99 N. J. Eq. 490, 133 Atl. 718; *Oglesby Grocery Co. v. Williams Mfg. Co.,* 112 Ga. 359, 37 S.E. 372; *Kohlbrecher v. Guettermann,* 329 Ill. 246, 160 N.E. 142; *Dewar v. Mintoft,* 1912, 2 K.B. 373; 70 A.L.R. pp. 196 *et seq.;* 49 Am. Jur., Statute of Frauds, p. 649; 37 C.J.S., Statute of Frauds, sec. 193.

This Court said in *Smith v. Joyce*, 214 N.C. 602, 200 S.E. 431: "In order to constitute an enforceable contract within the statute of frauds, the written memorandum, though it may be informal, must be sufficiently definite to show the essential elements of a valid contract. It must embody the terms of the contract, names of vendor and vendee, and a description of the land to be conveyed, at least sufficiently definite to be aided by parol. *Gwathmey v. Cason*, 74 N.C. 5; *Hall v. Misenheimer*, 137 N.C. 183, 49 S.E. 104; *Timber Co. v. Yarbrough*, 179 N.C. 335, 102 S.E. 630; *Keith v. Bailey*, 185 N.C. 262, 116 S.E. 729. The memorandum need not be contained in a single document but may consist of several papers properly connected together. As was said in *Mayer v. Adrian*, 77 N.C. 83: 'It (the memorandum) may be one or many pieces of paper, provided the several pieces are so connected physically or by internal reference that there can be no uncertainty as to their meaning and effect when taken together. But this connection cannot be shown by extrinsic evidence.' *Simpson v. Lumber Co.*, 193 N.C. 454, 137 S.E. 311."

*Mayer v. Adrian*, 77 N.C. 83, was an action for specific performance. The Court said: "The agreement must adequately express the intent and obligation of the parties. Parol evidence cannot be received to supply anything which is wanting in the writing to make it the agreement on which the parties rely. . . . Who are the parties in this memorandum of sale? It is settled to be indispensable that it should show not only who is the person to be charged, but also who is the bargainor. The name of the purchaser is required by statute to be signed. So, no question can be made of the necessity of his name in the writing. But it is equally well established that the name, or a sufficient description, of the other party is indispensable. 'How,' said *Mansfield, C. J.*, 'can that be said to be a contract or memorandum of a contract which does not state who are the contracting parties?' *Champion v. Plummer*, 4 B. and P., 253; 3 Pars. on Contr., 13 and note; Benjamin on Sales, 169."

In an agreement of sale there can be no contract without both a vendor and vendee. There can be no sale without a buyer. The memorandum here is insufficient, because no buyer therein is identified in the slightest degree.

Defendant's assignment of error that the trial court erred in overruling his motion for judgment of nonsuit is good.

The judgment below is

Reversed.

JOHNSON, J., not sitting.